Strafford,
No. 5957.

STATE *v.* MELIO COMPARONE.

September 8, 1970.

*George S. Pappagianis,* Attorney General and *Thomas B. Wingate,* Assistant Attorney General ( *Mr. Wingate* orally ), for the State.

*Philip C. Keefe* ( by brief and orally ), for the defendant.

LAMPRON, J. Appeal from a conviction for operating a motor vehicle on a public way under the influence of intoxicating liquor. RSA 262-A:62. Trial before *Leahy*, C.J., at which both a jury and a stenographic record were waived, resulted in a verdict of guilty. At the conclusion of the State's case, defendant moved for a dismissal on several grounds among which that there had been no opinion testimony by any witness for the prosecution that the defendant was under the influence of intoxicating liquor. The court permitted the State to reopen and such evidence was introduced by way of the opinion of the arresting officer. The only issue before us is defendant's exception to the court's allowing the State to reopen.

It is the rule in criminal cases that the trial court in the exercise of sound discretion may reopen a case for the purpose of admitting testimony in behalf of either the prosecution or the defense. *State* v. *Petkus,* 110 N.H. 394, 269 A.2d 123; *United States* v. *Glass,* 421 F.2d 832, 833 ( 9th Cir. 1969 ); Annot., 87 A.L.R.2d 849, 851.

Judicial discretion has been defined as "that power of decision, exercised to the necessary end of awarding justice, and based upon reason and the law, but for which decision there is no special governing statute or rule." Bowers, Judicial Discretion of Trial Courts *s.* 10, at 14 ( 1931 ). *See* 1 Wigmore, Evidence *s.* 16 ( 3d ed. 1940 ). It follows that no hard and fast rule for the guidance of the trial court's discretion can be laid down. *State* v. *Wolf,* 44 N.J. 176, 191, 207 A.2d 670, 679.

To constitute an abuse, reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party. Bowers, *supra s.* 13, at 25. The defendant has failed to show that under the circumstances the trial court could not reasonably reopen the case to permit the State to introduce the opinion of the arresting officer as to his intoxication. *Nawn* v. *Railroad,* 77 N.H. 299, 301-04, 91 A.181, 182-84.

*Exception overruled.*

All concurred.