Grafton
No. 89-262

ROBERT M. MAGUIRE & a.

v.

MERRIMACK MUTUAL INSURANCE COMPANY

April 13, 1990

*Gallagher, Callahan & Gartrell,* of Concord (*Steven J. McAuliffe* on the brief and orally), for the plaintiffs.

*Law Offices of Kenneth G. Bouchard P.A.,* of Manchester (*Kenneth G. Bouchard* and *Paul B. Kleinman* on the brief, and *Mr. Bouchard* orally), for the defendant.

JOHNSON, J. This is an appeal from an order of the Superior Court (*Groff*, J.) denying the defendant's motion for attorney's fees. The issue presented is whether the trial court erred in denying the defendant's motion where the jury determined by a preponderance of the evidence, using a special verdict form, that the plaintiffs set fire to their own home in order to obtain insurance proceeds. We affirm.

In 1982 the plaintiffs commenced an action against the defendant for fire insurance benefits under a homeowner's insurance policy. The defendant refused to pay on the ground that the plaintiffs, or someone acting in their behalf and with their knowledge, committed arson, and that the plaintiffs were attempting to collect insurance proceeds fraudulently. A jury trial held in January, 1988, resulted in a general verdict for the defendant. In addition to the general verdict, the jury rendered the following special verdict:

> "1. Do you find by a preponderance of the evidence that the fire which occurred at the plaintiffs' home in January of 1981 was the result of the willful and intentional burning of the building by the plaintiffs or someone acting on their behalf with their knowledge?
>
> YES___X___ NO_____
>
> 2. Do you find by a preponderance of the evidence that the plaintiffs willfully concealed or misrepresented any material fact or circumstance concerning the subject of the insurance?
>
> YES___X___ NO_____
>
> 3. Do you find that the plaintiffs swore falsely relating to the subject of the insurance for the purpose of obtaining the policy proceeds?
>
> YES___X___ NO_____
>
> If the answer to any of the preceding three questions was yes, deliberate no further and mark the attached general verdict form in the appropriate place 'Verdict for the Defendant.'"

Following the trial, the defendant filed a motion for attorney's fees based on the theory that the jury's special verdict was, in effect, a ruling that the plaintiffs instituted frivolous litigation in bad faith. *See Indian Head National Bank v. Corey*, 129 N.H. 83, 86, 523 A.2d 70, 72 (1986). The motion was denied by an order dated May 5, 1988, and the defendant appealed the decision to this court. We vacated the

trial court's order and remanded the matter to the superior court for reconsideration in light of *Keenan v. Fearon*, 130 N.H. 494, 543 A.2d 1379 (1988), a case concerning attorney's fees which was so recent that it was not discussed in the parties' briefs in this court's proceedings. The trial court then held another hearing and again issued an order denying the defendant's motion for attorney's fees. The defendant now appeals from this second order.

In his second order, the trial judge noted the language in *Keenan* which explains that "[t]he recognized scope of authority to award fees" includes both "compensation for those who are forced to litigate in order to enjoy what a court has already decreed, [and] compensation for those who are forced to litigate against an opponent whose position is patently unreasonable." *Keenan*, 130 N.H. at 501–02, 543 A.2d at 1383. He then stated that this court "has recognized the 'power to award counsel fees in any action commenced, prolonged, required or defended without any reasonable basis in the facts provable by evidence, or any reasonable claim in the law as it is, or as it might arguably be held to be.' [*Id.* at 502, 543 A.2d at 1383]." Following this statement of the law as set out in *Keenan*, the trial judge explained that

> "[t]he burden of proof in this case was by a preponderance of the evidence. The evidence was circumstantial, and the material facts were largely established by expert testimony. There was significant conflicting testimony. Credibility of witnesses, as always, played a substantial role in the verdict. This Court cannot determine that plaintiff was unreasonable in litigating this matter.
>
> . . . .
>
> It may, at first blush, seem unjust not to award attorney's fees in an action where one who seeks to collect under his fire insurance policy, is determined to have burned his own home. However, an analysis of the Court's decision in *Keenan*, and the purposes behind the general rule against awarding of attorney's fees, indicate that it is not, in fact, unjust. In this case, the issue of the cause of the fire deserved to be litigated from an evidentiary standpoint."

We read the trial court's explanation as indicating the court's belief that the jury could have resolved the disputed issue either way, since the evidence was so close.

On appeal, the defendant argues that a denial of attorney's fees is in error where there are specific findings of bad faith or fraudulent

conduct. The defendant contends that once the jury found that the plaintiffs set the fire and then lied about it, the trial judge had either to set aside the jury's verdict or award attorney's fees. Since the trial judge opted instead to deny the defendant's motion for attorney's fees while allowing the verdict to stand, the defendant insists that the judge erred as a matter of law.

The plaintiffs point out that in New Hampshire we adhere to the rule that attorney's fees do not automatically flow in favor of a prevailing civil litigant. They then argue that an award of attorney's fees, in a case like the present one, is only proper when the trial judge, in his or her discretion, determines that the position of the losing party in prosecuting or defending the action was "patently unreasonable." *See Keenan*, 130 N.H. at 502, 543 A.2d at 1383.

The plaintiffs' argument is founded on the theory that a jury verdict based on a preponderance of the evidence is in fact a verdict resulting from the application of the lowest standard of proof known to the law. The preponderance standard only requires that the evidentiary balance tip ever so slightly in favor of one party in order to enter a verdict for that litigant. According to the plaintiffs, such a verdict, by itself, is insufficient to require a judge to award attorney's fees to the prevailing party.

Resolution of the issue in this case requires a determination of the correct standard of review of the trial judge's denial of the defendant's motion for attorney's fees. In this case, the defendant contends that the trial judge erred as a matter of law. The plaintiffs, on the other hand, insist that it was within the judge's discretion to deny the defendant's request for attorney's fees, and that the decision may only be reversed by this court upon a finding of abuse of discretion. We agree with the plaintiffs. "Judicial discretion has been defined as 'that power of decision, exercised to the necessary end of awarding justice, and based upon reason and the law, but for which decision there is no special governing statute or rule.'" *State v. Comparone*, 110 N.H. 398, 399, 269 A.2d 131, 132 (1970) (citation omitted).

With this definition in mind when reviewing decisions concerning attorney's fees, it is clear that this court ordinarily applies the abuse of discretion standard. Several cases explicitly state that the award of attorney's fees is discretionary, either generally, *see In re Estate of Leonard*, 128 N.H. 407, 409, 514 A.2d 822, 824 (1986); *Tuttle v. Palmer*, 118 N.H. 553, 555, 392 A.2d 574, 575 (1978), or in certain circumstances such as in divorce cases, *see Indorf v. Indorf*, 132

N.H. 45, 47, 561 A.2d 241, 242 (1989). In other cases we have recognized that the authority to award attorney's fees rests in the "court's power" or in the exercise of the court's "general equitable powers." *See Keenan*, 130 N.H. at 502, 543 A.2d at 1383–84; *Archer v. Dow*, 126 N.H. 24, 29, 489 A.2d 574, 578 (1985); *Harkeem v. Adams*, 117 N.H. 687, 690–91, 377 A.2d 617, 619 (1977). We stated specifically in *St. Germain v. Adams*, 117 N.H. 659, 662–63, 377 A.2d 620, 623 (1977), that the award of attorney's fees was within the court's power and the discretion of the trial judge.

In several other cases, this court has simply looked for some support in the record for a trial court's decision concerning attorney's fees. *See New Hampshire Bituminous Company, Inc. v. TAB Aviation, Inc.*, 132 N.H. 38, 44, 566 A.2d 153, 156–57 (1989); *Drop Anchor Realty Trust v. Hartford Fire Ins. Co.*, 126 N.H. 674, 680–81, 496 A.2d 339, 343–44 (1985); *Town of Milford v. Johnson*, 122 N.H. 875, 876, 451 A.2d 1295, 1296 (1982); *Paquette v. St. Clair*, 119 N.H. 404, 407, 402 A.2d 182, 184 (1979). We found, for example, in *Indian Head National Bank v. Corey*, 129 N.H. at 88–89, 523 A.2d at 73, that "the trial court had an adequate evidentiary basis to award fees" and held that "the trial court's award of counsel fees was . . . clearly within its discretion." In addition to these explicit and implicit statements concerning the deference given to a trial court's decision on attorney's fees, a review of the law in this area illustrates the utility and practicability of using an abuse of discretion standard of review.

It is well settled that there can be no recovery of attorney's fees absent statutory authorization, an agreement between the parties, or an established exception. *Pugliese v. Town of Northwood*, 119 N.H. 743, 752, 408 A.2d 113, 118 (1979). One such exception entitles a party to attorney's fees "where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct . . . ." *St. Germain*, 117 N.H. at 662, 377 A.2d at 623. Attorney's fees may be awarded as "compensation for those who are forced to litigate in order to enjoy what a court has already decreed, [and] . . . for those who are forced to litigate against an opponent whose position is patently unreasonable." *Keenan*, 130 N.H. at 502, 543 A.2d at 1383.

Given the nature of cases at the trial level, with their settlement conferences, pre-trial hearings, evidentiary determinations, and live witnesses, the trial judge "may have insights not conveyed by the record," and is, therefore, in the best position to decide whether a party's claim constitutes bad faith or is patently unreason-

able. Accordingly, we hold that deference should be given to decisions by a trial judge concerning attorney's fees, and that such decisions should stand absent an abuse of discretion. *See Wilko of Nashua, Inc. v. Tap Realty, Inc.*, 117 N.H. 843, 852, 379 A.2d 798, 804 (1977) (exceptions established by the judiciary as to awarding attorney's fees are flexible rather than absolute).

■ The above determination leads us to reject the defendant's position on the issue presented in this case. We disagree with the assertion that a special jury verdict, such as the one entered in the present case, removes all discretion from a judge concerning attorney's fees. Special verdict questions may be used "to guide the jury in making its determination regarding the separate theories of liability raised in [a] case." *Jaswell Drill Corp. v. General Motors Corp.*, 129 N.H. 341, 347, 529 A.2d 875, 878 (1987). They are useful in cases involving multiple parties or complex issues. *See* RSA 507:7-e, II (Supp. 1989). The use of special verdicts, however, does not remove the determination of whether or not to award attorney's fees from the historical province of the trial judge.

■ We now turn to the issue of whether the trial judge abused his discretion by denying the defendant's request for attorney's fees. "To constitute an abuse, reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party." *Comparone*, 110 N.H. at 399, 269 A.2d at 132.

■ In the present case, the judge concluded that the plaintiffs were justified in litigating their claim because much of the testimony was conflicting, including that of the expert witnesses, and because the evidence was circumstantial. He also noted that witness credibility "played a substantial role in the verdict." Based on the record before us, which does not include a trial transcript, we find that the judge's reasoning and his conclusion were not "clearly untenable" or "clearly unreasonable." *See id.* Therefore, we hold that the trial judge's decision denying an award of attorney's fees did not constitute an abuse of discretion.

*Affirmed.*

SOUTER, J., did not sit; the others concurred.