Strafford
No. 91-258

THE STATE OF NEW HAMPSHIRE

v.

LAURA J. DEXTER

March 2, 1993

*John P. Arnold,* attorney general (*George Dana Bisbee,* deputy attorney general, and *Peter G. Beeson,* associate attorney general, on the brief, and *Mr. Bisbee* orally), for the State.

*Wiggin & Nourie,* of Manchester (*Richard B. McNamara* on the brief and orally), for the defendant.

PER CURIAM. The defendant, Laura J. Dexter, was charged with negligent homicide after a one-car accident that resulted in the death of a passenger in her car. After a jury trial, she was found not guilty of negligent homicide and guilty of the lesser included offense of driving while intoxicated. The sole issue she raises on appeal is the Superior Court's (*Temple,* J.) denial of her post-trial motion for attorney's fees, based on alleged misconduct of the prosecutor. We affirm.

The defendant does not base her claim for attorney's fees on the lack of merit of the State's case, nor upon any unwarranted intransigence or obstinacy by the State in its substantive legal positions. Her claim does not reflect upon the fact of the State's prosecution, but rather upon the county attorney's management of it. Lawyer conduct in case management and trial tactics underlies her claim for counsel fees.

■ In support of her claim, the defendant relies upon the following instances of conduct: failing to turn over police reports as part of court-ordered discovery; purposely delaying simulation testing by the State's accident reconstruction expert in order to deny defense discovery of the expert's opinions; attempting to convict the defendant on false evidence provided by the State's expert; the county attorney's refusing to disqualify himself when, by participating in the simulation testing, he became a potential witness; and the county attorney's granting of an eve-of-trial interview with the press, resulting in his disqualification by the court. The defendant's additional passing reference in her brief to alleged abuse of defense witnesses by the county attorney requires no discussion. *See Keenan v. Fearon*, 130 N.H. 494, 499, 543 A.2d 1379, 1382 (1988) ("glancing character" of defendant's treatment of claim "warrants no extended consideration").

Relying upon *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977), the defendant argued below that the prosecutor's conduct was "in bad faith, vexatious, wanton and oppressive" so as to be "unreasonably obdurate or obstinate." *Id.* at 691, 377 A.2d at 619. The trial court refused to award fees, noting that it did not "find . . . that the actions of the County Attorney were as characterized above." Instead, the court stated, "[b]oth attorneys were observed by the Court to be aggressive with one another." The court noted that when the defendant brought to its attention "matters of discovery, expert discovery and delay in testing," the issues were "ruled upon and no sanctions resulted." In addition, the court pointed out the remedies the defendant did receive: the delay in expert testing resulted in a trial delay to allow further preparation by the defense; the State was deprived of the use of its expert in rebuttal while the defendant was able to use the expert's deposition to confront prosecution witnesses; and the county attorney was disqualified after speaking with the press, with the trial going forward with an assistant county attorney without further delay. The court explained: "Through the period of pretrial activity, none of the conduct was found to justify such drastic action as dismissal or disciplinary action such as contempt or the awarding of costs."

■ While the general rule is that each party pays his or her own counsel fees in the absence of statute, we have recognized exceptions, such as "where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct," *St. Germain v. Adams*, 117 N.H. 659, 662, 377

A.2d 620, 623 (1977), where a party's conduct is "unreasonably obdurate or obstinate, and . . . [w]here an individual is forced to seek judicial assistance to secure a clearly defined and established right, which should have been freely enjoyed without such intervention . . . ," *Harkeem*, 117 N.H. at 691, 377 A.2d at 619 (citations omitted), and, in rare instances, where the court in the exercise of its duty of supervising attorneys has held that an attorney may be liable for his or her own client's legal expense, *Stephenson v. Stephenson*, 111 N.H. 189, 196, 278 A.2d 351, 356 (1971); *Hines v. Donovan*, 101 N.H. 239, 244, 139 A.2d 884, 888 (1958); Doleac, *Court Awarded Attorneys Fees Under New Hampshire Common Law*, 17 N.H.B.J. 134, 141 (1976). We have never addressed the question whether fees are awardable against the prosecution in a criminal case.

The defendant concedes that under *Imbler v. Pachtman*, 424 U.S. 409 (1976), she has no right of action for attorney's fees against the county attorney himself, as absolute immunity cloaks a prosecutor for acts performed in the conduct of a criminal prosecution. Since briefing and argument in this case, we expressly held in *Belcher v. Paine*, 136 N.H. 137, 612 A.2d 1318 (1992), what we portended in *State (Haas Complainant) v. Rollins*, 129 N.H. 684, 533 A.2d 331 (1987); namely, that "prosecutorial immunity exists within the rubric of judicial immunity and is absolute when functionally related to the initiation of criminal process or to the prosecution of criminal charges." *Belcher*, 136 N.H. at 147, 612 A.2d at 1325.

■ Acknowledging the personal immunity of the prosecutor, the defendant nonetheless argues she is entitled to recover attorney's fees from Strafford County, which she assumes employs the county attorney. The defendant, however, cites no authority for imputing liability to the county. Holding the governmental employer liable would not be consistent with the policy underlying the doctrine of prosecutorial immunity, that of shielding a prosecutor from the "'deflection of [his] energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.'" *Belcher*, 136 N.H. at 145, 612 A.2d at 1323–24 (quoting *Imbler*, 424 U.S. at 423). "[Prosecutors] could not exercise independent discretion if they had to fear retribution from the government that would have to pay the judgment." *Tilton v. Dougherty*, 126 N.H. 294, 299, 493 A.2d 442, 445–46 (1985); *cf.* RSA 541-B:19, I(a) (Supp. 1992) (limited waiver of sovereign immunity for State, its officials and employees not applicable to claim based on exercise of judicial function).

██ We therefore hold that, as to the actions complained of that were functionally related to the prosecution of the defendant's case, attorney's fees are not recoverable. All of the alleged misconduct, except for the prosecutor's press interview, falls within this area of immunity. *See Schrob v. Catterson*, 948 F.2d 1402, 1420 (3d Cir. 1991) (talking to press is "at best, only an administrative function"). We will assume, without deciding, that the doctrine of sovereign immunity would not bar an attorney's fees award against the government in these circumstances and that *Harkeem* applies.

 When the county attorney's comments to the press were brought to the trial court's attention, the judge disqualified him from prosecuting the case. In ruling on the motion for fees, the trial court found that the county attorney's actions were not "in bad faith, vexatious, wanton and oppressive so as to be fairly characterized as 'unreasonably [o]bdurate or obstinate.'" Because a trial judge witnessing the proceedings firsthand "may have insights not conveyed by the record," *Maguire v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 55, 573 A.2d 451, 454 (1990) (quotations omitted), we accord great deference to his decision whether bad faith or unreasonableness drives a party in the litigation such as to justify imposing on that party the cost of his opponent's attorney's fees. That deference constrains us to uphold the trial court's exercise of discretion unless it appears that the discretion was "exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party." *Id.* at 56, 573 A.2d at 454 (citation and quotations omitted). Here, the trial judge took remedial action against the county attorney for speaking with the press and concluded that the predicate for awarding fees was absent. We cannot say that this conclusion was clearly untenable or unreasonable. *See id.*

Finally, we note that in this court the defendant's claim for attorney's fees is made against Strafford County while in superior court she sought fees from the State. Given our disposition above, we need not decide whether the defendant's failure to name Strafford County as a party to the action would defeat any claim for fees from the county. Additionally, we also need not decide, even assuming fees were recoverable, whether fees were properly recoverable from the State or the county. *Compare* R. MCNAMARA, 1 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE, § 12, at 10 (2d ed. 1991) ("The county attorney of each county is under the direction of the Attorney General, and performs all the duties of the Attorney General's Office for the county.") *and* RSA 7:6, :34 *with* RSA 23:5

(county attorney paid by county); *cf. Samaha v. Grafton County*, 126 N.H. 583, 493 A.2d 1207 (1985).

*Affirmed.*

All concurred.