R. Wayne Byrd, Turner, Padget, Graham & Laney, P.A., Florence, SC, Charles P. Bauer, Ransmeier & Spellman, Concord, NH, for defendant.

David S. Osman, Nighswander, Martin & Mitchell, P.A., Laconia, NH, for plaintiff.

## TREXLER'S MARINA, INC.

v.

## P.F.C., INC., d/b/a Stingray Boat Co.

### No. C–92–209–L.

United States District Court, D. New Hampshire.

July 20, 1994.

### ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES

LOUGHLIN, Senior District Judge.

Jury trial in this case commenced on May 24, 1994. The jury returned a verdict for the plaintiff on June 7, 1994 in the sum of $60,-334.00.

The parties agreed that any award for attorney's fees was left to the discretion of the court if a finding of bad faith was made by the jury. The jury found that the defendant breached its contract with the plaintiff and that the defendant exhibited bad faith conduct towards the plaintiff.

Plaintiff's counsel submitted a bill for legal fees in the sum of $91,152.00 and expenses in the amount of $5,928.88. Counsel then discounted $11,590.52 for the following reasons: Illness of the plaintiff in late Fall of 1993, requiring two continuances, her unavailability to be deposed because of her illness and expenses attendant thereto, and fees associated with the dismissal by the court of the claim for tortious interference with an advantageous business relationship.

Plaintiff's fee agreement with Nighswander Martin & Mitchell, P.A. was based upon an hourly rate plus expenses, not on a contingency fee agreement.

This suit was originally filed in Belknap County Superior Court by writ dated April 24, 1992 and the case was subsequently removed to this court on April 30, 1992.

Recently in *Guaraldi v. Trans–Lease Group*, 136 N.H. 457, 617 A.2d 648 (1992), the New Hampshire Supreme Court summarized the law regarding attorney's fees.

The general rule in New Hampshire is that attorney's fees do not automatically flow in favor of a prevailing civil litigant. *See Adams v. Bradshaw*, 135 N.H. 7, 16, 599 A.2d 481, 487 (1991), cert. denied, —— U.S. ——, 112 S.Ct. 1560, 118 L.Ed.2d 208 (1992) (each party to a lawsuit generally responsible for payment of his or her own lawyers' bill). Rather, fees may be awarded only by virtue of 'statutory authorization, an agreement between the parties, or an established exception.' *Maguire v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 55, 573 A.2d 451, 453 (1990). Exceptions include: 'where an individual is forced to seek judicial assistance to secure a clearly defined and established right if bad faith can be established, ...' *Harkeem v. Adams*, 117 N.H. 687, 691, 377 A.2d 617, 619 (1977); 'where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct, ...' *St. Germaine v. Adams*, 117 N.H. 659, 662, 377 A.2d 620, 623 (1977); and as 'compensation for those who are forced to litigate in order to enjoy what a court has already decreed' and for those who are 'forced to litigate against an opponent whose position is patently unreasonable, ...' *Keenan v. Ferrin*, 130 N.H. 494, 502, 543 A.2d 1379, 1383 (1988).

■ As counsel for the defendant has pointed out, the plaintiff during the course of the trial put up numerous erroneous computations of damages. On the other side of the coin, due to the complexity of the case damages were not easy to prove.

While the plaintiff prevailed, the amount of damage recovered was far less than what was argued for damages before the jury by her counsel. This court does not act as a thirteenth juror in the case. *See Coffran v. Hitchcock Clinic, Inc.*, 683 F.2d 5 (1st Cir. 1982).

Defendant's counsel conducted a fair, reasonable, and the court might add a professional and skillful defense in this trial. Defendant's counsel while vigorous in their defense of their client, was also pleasant, courteous to opposing counsel, to the court and to her witnesses. The same was true of plaintiff's counsel in their conduct during the trial.

In no manner was the defense guilty of "oppressive, vexatious, arbitrary, capricious or bad faith conduct" as was the case in *Harkeem*, supra.

A case which the court finds apposite is *Maguire v. Merrimack Mutual Insurance Company*, 133 N.H. 51, 573 A.2d 451 (1990). This case involved an appeal from an order denying defendant's motion for attorney's fees by the court where the jury determined by a preponderance of the evidence, using a special verdict form, that the plaintiffs set fire to their own home in order to obtain insurance proceeds.

■ Attorney's fees may be awarded as "compensation for those who are forced to litigate in order to enjoy what a court has already decreed [and] ... for those who are forced to litigate against an opponent whose position is patently unreasonable." *Keenan*, 130 N.H. at 502, 543 A.2d at 1383.

The *Maguire* court cogently stated at page 56, 573 A.2d 451 of its opinion that:

"[W]e disagree with the assertion that a special jury verdict, such as the one entered in the present case, removes all discretion from a judge concerning attorney's fees. Special verdict questions may be used 'to guide the jury in making its determination regarding the separate theories of liability raised in [a] case' *Jaswell Drill Corp. v. General Motors Corp.*, 129 N.H. 341, 347, 529 A.2d 875, 878 (1987). They are useful in cases involving multiple parties or complex issues. *See* RSA 507:7–e, II (Supp.1989). The use of special verdicts, however, does not remove the determination of whether or not to award attorney's fees from the historical province of the trial judge."

*See Maguire*, 133 N.H. at 56, 573 A.2d 451.

Motion for attorneys fees is denied.

Reasonable costs or expenses of $5,918.88 will be determined by James Starr, Clerk of Court.