Colebrook District Court
No. 94-014

JON AND LYNETTE EMERSON

v.

TOWN OF STRATFORD & a.

June 14, 1995

Jon *Emerson* and *Lynette Emerson,* on the brief, and *Mr. Emerson* orally, *pro se.*

*Nighswander, Martin & Mitchell, P.A.,* of Laconia (*Timothy Bates* on the brief and orally), for the defendants.

HORTON, J.   The defendants, the Town of Stratford and its selectmen, Ronald Scott, Gary Paquette, and Thurman Blodgett, appeal an order of the Colebrook District Court (*Miller,* J.) awarding costs to the plaintiffs, Jon and Lynette Emerson, in their action to compel the defendants to issue them renewal pistol permits. The defendants argue that: (1) the district court award is not authorized by statute or court rule; (2) the district court lacks the power to award the equivalent of attorney's fees; and (3) an award of attorney's fees is not justified by their actions. We vacate the court's award of costs and remand for a determination of whether an award of sanctions is appropriate.

The town denied the plaintiffs' applications to renew their pistol permits on the stated ground that there was a problem with a reference on their applications. Ronald Scott, a town selectman, had contacted a reference listed by both of the plaintiffs on their applications and determined that the plaintiffs had not been given permission to use that person as a reference and that he did not wish to be used as a reference. The plaintiffs appealed to the Colebrook District Court, arguing that they were entitled to a renewal and that the defendants denied their permits in bad faith. *See* RSA 159:6-c (1994). As part of the petition, the plaintiffs asked for "damages" for court costs, litigation costs, other expenses, and other damages. The district court ordered the town to issue renewal permits to the plaintiffs and awarded the plaintiffs costs in the sum of $807.99 for mileage, photocopies, postage, and compensation for their time spent researching, writing, making copies, and preparing for court. The defendants appeal the monetary award only.

Court rules prescribe the manner in which the district court may award costs. DIST. & MUN. CT. R. 3.23. Although District and Municipal Court Rule 1.8(F) permits the award of "reasonable costs, including reasonable attorney's fees, against any party whose frivolous or unreasonable conduct makes necessary the filing of or hearing on any motion," the plain language of the rule limits its application to conduct by the opposing party resulting in the filing of

or a hearing on a motion. Therefore, it has no bearing on whether a prevailing party in civil litigation may be awarded costs or attorney's fees. That the plaintiff filed a motion for costs and fees associated with litigating the underlying claim does not bring this case within the scope of Rule 1.8(F). The "costs" allowable to the prevailing party include "[f]ees of the Clerk, fees for service of process, witness fees, expense of view, cost of transcripts, and such other costs as may be provided by law." DIST. & MUN. CT. R. 3.23(C). The monetary relief awarded by the district court for the plaintiffs' time, mileage, postage, and photocopies does not come under any of the cost provisions provided by the rule. Therefore, we vacate the award of costs.

The plaintiffs' request for "damages" and the court's award of "costs" are in the nature of a request for and an award of sanctions. *See Daigle v. City of Portsmouth*, 131 N.H. 319, 329, 553 A.2d 291, 297 (1988) (court may consider attorney's fees in determination of appropriate sanctions). The defendants argue that the district court lacks the power to award sanctions, such as attorney's fees, and therefore the district court had no power to award the "costs" to the plaintiffs. We disagree.

■■ Even though the district court is not a constitutional court and does not have a general grant of equitable power, *see Keenan v. Fearon*, 130 N.H. 494, 502, 543 A.2d 1379, 1383–84 (1988) (power to award sanctions "rests . . . on the essential judicial power to get the judicial job done once and for all . . . [and] the power subsumed under equity jurisdiction to compensate a party for his [or her] opponent's unreasonableness in prolonging unnecessary litigation"), it does have the limited inherent equitable power to impose sanctions, such as attorney's fees. The power is not dependent on a specific statutory grant. The inherent power to impose sanctions stems from a court's necessary power to control the proceedings before it. "[W]hen overriding considerations so indicate, the award of fees lies within the power of the court, and is an appropriate tool in the court's arsenal to do justice and vindicate rights." *Harkeem v. Adams*, 117 N.H. 687, 690, 377 A.2d 617, 619 (1977). "The power of the judiciary to control its own proceedings, the conduct of participants, the actions of officers of the court and the environment of the court is a power absolutely necessary for a court to function effectively and do its job of administering justice." *State v. LaFrance*, 124 N.H. 171, 179–80, 471 A.2d 340, 344–45 (1983) (referring to superior court).

We have previously recognized other inherent powers of the district court. In *State v. Martina*, 135 N.H. 111, 600 A.2d 132 (1991), we held that even without statutory authority the district court had inherent subject matter jurisdiction to punish for criminal contempt because such power was necessary to "ensure that justice is administered both fairly and efficiently." *Id.* at 117, 600 A.2d at 136. The same principles apply here. The power to award sanctions is inherent in the power necessary to control the

courtroom. We therefore hold that the district court has the power to award appropriate sanctions, including attorney's fees, and remand to the district court for a determination of whether sanctions are appropriate in this case.

The defendants' final argument is that an award of sanctions is not justified by their actions in this case. Because we are vacating the award of costs and remanding for a determination of whether sanctions are appropriate, we do not address the defendants' final argument.

On remand, the district court should keep in mind our standards for awarding sanctions. Although the sanction cases decided by this court have been directed to the award of attorney's fees, they are instructive on the issue of awarding any sanction. Ordinarily the prevailing litigant is not entitled to collect attorney's fees from the losing party. *Harkeem v. Adams,* 117 N.H. at 690, 377 A.2d at 619. An award of attorney's fees is appropriate, however, where a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons, where the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and where it should have been unnecessary for the successful party to have brought the action." *Id.* at 691, 377 A.2d at 619 (citations and quotation omitted). "Attorney's fees may be awarded as compensation . . . for those who are forced to litigate against an opponent whose position is patently unreasonable." *Maquire v. Merrimack Mut. Ins. Co.,* 133 N.H. 51, 55, 573 A.2d 451, 453 (1990) (quotation omitted). Because the trial court is "in the best position to decide whether a party's claim constitutes bad faith or is patently unreasonable," *id.* at 55–56, 573 A.2d at 454, its decision to award attorney's fees will stand absent an abuse of discretion. *Id.*

█ This case also compels us to address the issue of whether a court may award the sanction of attorney's fees to a *pro se* litigant who does not incur any obligation to pay for an attorney. We are now prepared to join the majority of jurisdictions that have answered the question in the negative. *See, e.g., Kay v. Ehrler,* 111 S. Ct. 1435, 1436 (1991) *("[P]ro se litigant who is not a lawyer is not entitled to attorney's fees [under 42 U.S.C. § 1988].")*; *Donahue v. Thomas,* 618 A.2d 601, 607 (D.C. 1992) (attorney-client relationship prerequisite to award of attorney's fees under D.C. Freedom of Information Act); *Gates v. City of Tenakee Springs,* 822 P.2d 455, 463 (Alaska 1991) ("Lay pro se litigants cannot recover attorney's fees."); *Beasley v. Peters,* 870 S.W.2d 191, 196 (Tex. Ct. App. 1994) (sanction of attorney's fees to attorney appearing *pro se* not appropriate). Therefore, any award of sanctions may not include compensation for the plaintiffs' time spent researching, writing, making copies, and preparing for court.

The district court's award of costs exceeds its authority, as stated in District and Municipal Court Rule 3.23(C). We vacate the award of costs

and remand for an award of costs consistent with Rule 3.23(C). In addition to costs, the district court may impose sanctions, if appropriate, for out-of-pocket expenses associated with the litigation in district court, noting that the court must state on the record its grounds for imposing sanctions. Items that are awarded as costs may not be duplicated as sanctions.

*Vacated and remanded.*

All concurred.