Cheshire
No. 94-478

DAVID W. TABER & a.

v.

TOWN OF WESTMORELAND & a.

January 31, 1996

*Bragdon, Berkson, Davis & Klein, P.C.*, of Keene (*Katharine Lord Klein* and *Stephen B. Bragdon* on the brief, and *Mr. Bragdon* orally), for the plaintiffs.

*Bradley, Burnett & Kinyon, P.A.*, of Keene (*Beth R. Fernald* on the brief and orally), for the defendant, Town of Westmoreland.

*Green, McMahon and Heed*, of Keene (*Peter W. Heed* and *G. Jeremy Hockensmith* on the brief, and *Mr. Heed* orally), for the intervenors, Timothy F. Thompson and Deborah A. Stavseth.

HORTON, J. This case arises out of the ruling of the Superior Court (*Brennan*, J.) that the Zoning Board of Adjustment (ZBA) for

the Town of Westmoreland (town) had improperly granted the intervenors, Timothy F. Thompson and Deborah A. Stavseth, a variance to demolish a preexisting, nonconforming structure and erect a new building in the footing of the old one. The court issued injunctive relief, ordering the intervenors to demolish part of the new building. Additionally, the court ordered the town to pay the attorney's fees of the plaintiffs, David W. Taber, Harriet F. Taber, and Mary E. Taber (Tabers).

The town appeals the award of attorney's fees. The Tabers cross appeal, asserting that if this court reverses the trial court's ruling on attorney's fees, this court should also remand, instructing the trial court to order the demolition of the entire new building. We reverse the trial court's ruling on attorney's fees and affirm the court's ruling regarding injunctive relief.

In January 1992, the intervenors obtained a building permit from the town to replace a detached garage located on their property with a new structure. The old garage protruded into the side yard setback required by the Westmoreland Zoning Ordinance but was a preexisting nonconforming use. The Tabers, residents of Syracuse, New York, own the property adjacent to the garage. When they discovered the construction of the new structure approximately two months after construction had begun, they filed a complaint with the Westmoreland Board of Selectmen. They alleged that the new structure violated the town zoning ordinance, which prohibits the moving, enlarging, altering, extending, reconstructing, or restoring of any preexisting nonconforming uses. *See* WESTMORELAND ZONING ORDINANCE art. II, § 206(1). After initially rejecting the Tabers' complaint, the board issued a cease and desist order to the intervenors. The intervenors filed a zoning permit application which the town rejected. The town referred the intervenors to the ZBA where they filed for a variance, which was granted. The Tabers appealed the ZBA's ruling to the superior court. The court found that the ZBA had applied a "legal fiction" in order to avoid the "unnecessary hardship" factor that must be met by a party seeking a variance. *See Grey Rocks Land Trust v. Town of Hebron*, 136 N.H. 239, 242, 614 A.2d 1048, 1049-50 (1992). The court granted the Tabers' request for attorney's fees against the town and ordered the intervenors to remove the porch of the new structure, which was the only feature that was not superimposed on the same footing as the old garage.

## I. Attorney's Fees

"An award of attorney's fees . . . must be grounded upon statutory authorization, an agreement between the parties, or an

established exception to the rule that each party is responsible for paying his or her own counsel fees." *DePalantino v. DePalantino*, 139 N.H. 522, 525, 658 A.2d 1207, 1210 (1995) (quotation omitted). The trial court rested its decision to award attorney's fees on two judicially created exceptions to the American rule that each party must pay his or her own attorney's fees. *See Leavitt v. Hamelin*, 126 N.H. 670, 671, 495 A.2d 1286, 1287 (1985). First, the court reasoned that the Tabers had conferred a substantial benefit on nonparties such as the citizens and taxpayers of the State by forcing the town and the ZBA to adhere to the correct formulation of the law. *See Irwin Marine, Inc. v. Blizzard, Inc.*, 126 N.H. 271, 277, 490 A.2d 786, 791 (1985). Second, the court concluded that by softening the legal standard for unnecessary hardship created by this court, the ZBA ignored the proper legal standard and forced the Tabers "to seek judicial assistance to secure a clearly defined right which should have been freely enjoyed without such intervention." *See Indian Head National Bank v. Corey*, 129 N.H. 83, 87, 523 A.2d 70, 72 (1986).

■ When reviewing a trial court's award of attorney's fees, we will uphold the court's factual findings unless they are erroneous as a matter of law or unsupported by the evidence. *Dumont v. Town of Wolfeboro*, 137 N.H. 1, 10, 622 A.2d 1238, 1244 (1993). We conclude that the trial court's first ground for awarding attorney's fees is erroneous as a matter of law. We have never held that forcing the losing party to a strict adherence to the law is a sufficient benefit conferred on nonparties to justify awarding attorney's fees to the prevailing party. *Cf. Dugas v. Town of Conway*, 125 N.H. 175, 183, 480 A.2d 71, 76 (1984) (distinguishing unconstitutional abuse of power from mere "erroneous application of a valid zoning regulation or some arcane procedural error" for purposes of awarding attorney's fees). If adherence to the law were sufficient benefit conferred on nonparties, then any time a town sought to support its agencies and lost, the prevailing party should recover attorney's fees. *Cf. Smith v. Town of Wolfeboro*, 136 N.H. 337, 347, 615 A.2d 1252, 1258 (1992) (affirming trial court's denial of attorney's fees despite finding that planning board made mistaken decision).

■ *Irwin Marine, Inc. v. Blizzard, Inc.*, *supra*, and *Board of Water Commissioners, Laconia Water Works v. Mooney*, 139 N.H. 621, 660 A.2d 1121 (1995), provide the strongest support for the Tabers' position that conferring benefit on taxpayers and citizens is sufficient to award attorney's fees. Both cases, however, are distinguishable from the Tabers' law suit. In *Irwin Marine*, other bidders who participated in a public auction were directly harmed by the

city's unfair public bidding procedures. *Irwin Marine*, 126 N.H. at 276, 490 A.2d at 790. Invalidating the sale put all bidders "on an equal footing" to compete in a future sale of the property. *Id.* In *Mooney*, the board of water commissioners assessed on all new users of the water system a system development charge, which we held to be illegal. *Mooney*, 139 N.H. at 623, 626, 660 A.2d at 1123, 1125. Not only was the defendant in that case injured but so were all new users of the water system. Both *Irwin Marine* and *Mooney*, therefore, present much more concrete benefits conferred on third parties by the lawsuit than the general benefit that citizens and taxpayers receive when the town adheres strictly to the law.

Moreover, the public trust cases cited by the Tabers to support their argument that they should be awarded attorney's fees for benefiting the citizens and taxpayers of the State are inapposite. *E.g.*, *Silva v. Botsch*, 121 N.H. 1041, 1043, 437 A.2d 313, 314 (1981). In *Silva*, a public official was awarded attorney's fees for successfully defending his illegal removal. *Id.* at 1042, 437 A.2d at 315. We reasoned that a town official "is elected by his fellow citizens to administer the affairs of the municipality" and hence assumes "a special position as a public trustee." *Id.* at 1043, 437 A.2d at 314. By successfully retaining his position, the official has conferred a substantial benefit on the citizens as a whole. *Id.* The Tabers hold no similar position as public trustee to enforce the zoning laws. Moreover, their primary purpose in litigating the case is for their own personal benefit. *Cf. In re Dumaine*, 135 N.H. 103, 110, 600 A.2d 127, 132 (1991) (noting that on the issue of awarding attorney's fees to a trustee, "[t]he inquiry is whether her primary motive was the benefit of the trusts as a whole or her own benefit").

The second ground on which the trial court based its decision to award attorney's fees is not supported by the facts. Where a party is forced to seek judicial assistance to secure a clearly defined right, a court may award attorney's fees to the prevailing party if bad faith on the part of the losing party is established. *See Keenan v. Fearon*, 130 N.H. 494, 501-02, 543 A.2d 1379, 1383-84 (1988). For purposes of awarding attorney's fees in this case, the issue is not whether the ZBA improperly granted the variance, but rather whether the town exercised bad faith in the defense of the ZBA's decision.

When interpreting a zoning ordinance and determining the appropriateness of a variance, the ZBA is acting in a quasi-judicial capacity. *See Piecuch v. Manchester*, 114 N.H. 8, 9-10, 314 A.2d 642, 643 (1974); *Supry v. Bolduc*, 112 N.H. 274, 275-76, 293 A.2d 767, 769 (1972). When a body exercises a quasi-judicial function in rendering a decision, a court may not award attorney's fees, unless that body

is acting outside of its jurisdiction. *See Gould v. Director, N.H. Div. of Motor Vehicles*, 138 N.H. 343, 346-47, 639 A.2d 254, 257-58 (1994). Nor may a party recover attorney's fees from the governmental employer for the bad faith actions of an official with immunity. *State v. Dexter*, 136 N.H. 669, 672-73, 621 A.2d 435, 437 (1993).

█ Since the ZBA, in the case at hand, was acting in a quasi-judicial capacity, and is not alleged to have acted outside its jurisdiction, the Tabers could not have recovered attorney's fees had they sued the ZBA directly. *Cf.* RSA 677:15, V (1986). We hold that when a town is simply defending the actions of a body acting in a quasi-judicial capacity, there are no grounds for awarding attorney's fees, *cf. Dexter*, 136 N.H. at 672-73, 621 A.2d at 437, even if the town subjectively believed that the position of the quasi-judicial body was legally incorrect. *See Treisman v. Town of Bedford*, 135 N.H. 573, 575, 607 A.2d 950, 951 (1992).

█ This is not to say that a court may never award attorney's fees against a town, defending the ZBA. If the ZBA acts outside the scope of its jurisdiction or is not acting in a quasi-judicial capacity, the town, acting in bad faith, may be subject to an award of attorney's fees. *See Gould*, 138 N.H. at 346-47, 639 A.2d at 257-58. Additionally, if the town causes unnecessary delay or uses tactics such as excessive discovery to run up its opponent's attorney's fees while defending the ZBA, that type of bad faith could warrant the award of attorney's fees. *See Keenan*, 130 N.H. at 502, 543 A.2d at 1383-84. Because the Tabers failed to demonstrate that the town did anything other than defend the position of its ZBA, we reverse the award of attorney's fees.

*II. Cross-appeal*

The Tabers argue that if we reverse the grant of attorney's fees we should also remand the case with instructions to order the removal of all offending structures within the setback. The Tabers cite no authority for the proposition that a trial court *must* order the removal of improvements that violate zoning provisions, contending only that a court *may* do so. We have held that "[w]hether an injunction is appropriate is within the sound discretion of the trial court." *Voedisch v. Town of Wolfeboro*, 136 N.H. 91, 93, 612 A.2d 902, 904 (1992). In deciding whether to grant equitable relief "the court may consider a wide range of circumstances and equitable procedures." *Assoc. Home Util's, Inc. v. Town of Bedford*, 120 N.H. 812, 816, 424 A.2d 186, 189 (1980).

█ We cannot say that the trial court's order to remove only the porch, which was the only portion of the new building that was not

superimposed on the old structure, was an abuse of discretion. *See Frost v. Polhamus*, 110 N.H. 491, 494, 272 A.2d 596, 597-98 (1970). We, therefore, affirm the trial court's order regarding the injunction.

*Affirmed in part; reversed in part.*

BRODERICK, J., did not sit; the others concurred.