Appell v. Giaccone, et al.          CV-96-060-M    05/18/98

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Leonard Appell,
     Plaintiff

     v.                                    Civil No. 97-60-M

Nicholas Giaccone, Christopher O'Connor,
and Town of Hanover, New Hampshire,
     Defendants


**O R D E R**


In a previous order, dated December 11, 1997, the court granted judgment on the pleadings in favor of defendants, excepting plaintiff's civil rights and state law respondeat superior claims against the Town of Hanover arising from defendant O'Connor's prosecution of plaintiff.  The Town of Hanover has now filed a motion for judgment on the pleadings on Appell's state law respondeat superior claim, as well as motions for judgment on the pleadings and for summary judgment on his civil rights claim.  The motions and plaintiff's objections are addressed as follows.


A.    **Motion for Judgment on the Pleadings: State Law Claim**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) challenges the sufficiency of a claim under the same standard used for a motion under Rule 12(b)(6).  See Rogan v. Menino, 973 F. Supp. 72, 75 (D. Mass. 1997); Preyer v. Dartmouth College, 968 F. Supp. 20, 23 (D.N.H. 1997).  Thus, all material allegations in the complaint are taken

as true and are construed in the light most favorable to plaintiff, and dismissal will not be granted unless plaintiff cannot prove facts that would entitle him to relief. Gaskell v. Harvard Cooperative Society, 3 F.3d 495, 497-98 (1st Cir. 1993).

Appell's only remaining state law claim against Hanover alleges respondeat superior liability for Christopher O'Connor's prosecution of him. In support of his claim, Appell alleges that on August 18, 1993, he attempted to inspect certain property for his brother. When he arrived, he was met by a Hanover police officer, Officer Giaccone, who, acting under the direction of Officer O'Connor, another Hanover police officer, arrested Appell for trespass in violation of a court order. O'Connor prosecuted Appell on the trespass charge, and in the course of the prosecution allowed the complaining witness (Fleet Bank) to subsidize the costs of the prosecution. Appell was acquitted in June of 1994.

Hanover argues that municipal immunity as well as vicarious imputation of prosecutorial immunity protect Hanover from liability on Appell's state law claims based on O'Connor's prosecution. Appell counters that Hanover's motion is premature, because the court should first determine whether his federal civil rights claim will survive summary judgment, and, if not, the court should remand the state claim to state court. Because Appell's federal claims remain unresolved, the court's supplemental jurisdiction over Appell's state law claims pursuant to 28 U.S.C.A. § 1367(a) continues, and the court finds no reason

2

pursuant to § 1367(c) to decline to exercise its jurisdiction. Cf. Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998) (court must reassess supplemental jurisdiction after it dismisses claims providing jurisdictional foundation).

By statute, New Hampshire provides that "[n]o governmental unit shall be held liable in any action to recover for bodily injury, personal injury or property damage except as provided by this chapter or as provided or may be provided by other statute." N.H. Rev. Stat. Ann. § 507-B:5 (1997). A claim for malicious prosecution is included in the definition of "personal injury." N.H. Rev. Stat. Ann. § 507-B:1, III(a). The liability provided in section 507-B:2 (negligence in maintenance and operation of town's vehicles and premises) does not apply to the facts of Appell's claims against Hanover. Alternatively, although the pleadings do not include the necessary information, it may be that Hanover waived its statutory immunity to the extent of insurance coverage for plaintiff's claims. See N.H. Rev. Stat. Ann. § 412:3 (Supp. 1997).

Even if Hanover waived statutory immunity to the extent of insurance coverage applicable to Appell's claim, the town would nevertheless retain "protection from tort actions when the injury is the result of the exercise of a legislative or judicial function, or a planning function involving a basic policy decision that is characterized by a high degree of official judgment or discretion." City of Dover v. Imperial Cas. & Indem. Co., 133 N.H. 109, 115 (1990); accord Gardner v. City of Concord,

3

137 N.H. 253, 256 (1993). Absolute immunity is afforded the prosecutorial function, as a part of the judicial function, to protect a prosecutor's exercise of independent judgment and discretion. See Belcher v. Paine, 136 N.H. 137, 145 (1992). Thus, because the actions of a prosecutor are both part of the judicial function and require a high degree of official discretion, a municipality retains its immunity from liability for acts taken in the exercise of the prosecutorial function.

In addition, "[h]olding the governmental employer liable would not be consistent with the policy underlying the doctrine of prosecutorial immunity, that of shielding a prosecutor from the 'deflection of [his] energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.'" State v. Dexter, 136 N.H. 669, 672 (1993) (quoting Belcher, 136 N.H. at 145). Therefore, Hanover is immune and cannot be held vicariously liable for O'Connor's actions (which have previously been determined to have been protected by prosecutorial immunity). See Dexter, 136 N.H. at 673.

**B.    Motion for Judgment on the Pleadings: Civil Rights Claim**

Appell alleges that Hanover adhered to an informal policy or practice that violated his right to be free of unlawful or malicious prosecution. He says the policy or practice permitted police officers to prosecute misdemeanor cases despite their alleged conflict of interest in conducting an independent review

4

of actions by their own police department, and allowed a complaining witness to subsidize the costs of a prosecution. Hanover moves for judgment on the pleadings on grounds that the Fourteenth Amendment does not afford relief for unlawful or malicious prosecution. The plurality in Albright v. Oliver, 510 U.S. 266 (1994) precluded a civil rights malicious prosecution claim brought under the Fourteenth Amendment, but left open the possibility that such a claim might be viable under the Fourth Amendment. Id. at 274-75, 281, 288-89; see also Washington v. Summerville, 127 F.3d 552, 558 (7th Cir. 1997), cert. denied, 1998 WL 72888 (April 20, 1998); Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir. 1997), cert. denied, 118 S. Ct. 1051 (1998); Britton v. Maloney, 981 F. Supp. 25, 35 (D. Mass. 1997).

Appell alleges that Hanover's actions violated his Fourth and well as his Fourteenth Amendment rights. Although his Fourth Amendment claims for false arrest were dismissed in the court's previous order as untimely, the malicious prosecution claims against Hanover survived. Thus, while judgment may be granted on the pleadings in favor of defendants as to plaintiff's malicious prosecution claims under the Fourteenth Amendment, to the extent those claims allege Fourth Amendment violations they remain legally viable.

## C.   Motion for Summary Judgment

Hanover also moves for summary judgment with respect to Appell's malicious prosecution claims on grounds that he cannot

5

show that the town had a policy or practice pertaining to prosecuting misdemeanors that operated to violate his constitutional rights or that the town acted with deliberate indifference to his constitutional rights. Appell responds that the affidavits submitted by the town in support of its motion were submitted in bad faith and should be stricken, and he also asks that the motion be denied to allow further discovery pursuant to Federal Rule of Civil Procedure 56(f).

### 1. **Affidavits submitted by Hanover**.

Affidavits submitted in support of or in opposition to a motion for summary judgment must be based on the affiant's personal knowledge and on facts that would be admissible in evidence, and must show that the affiant is competent to testify to the statements in the affidavit. Fed. R. Civ. P. 56(e); Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 681-82 (1st Cir. 1994). Affidavits that offer statements based on an affiant's "information and belief," rather than personal knowledge, are not entitled to weight in considering summary judgment. Cadle Co. v. Hayes, 116 F.3d 957, 961 (1st Cir. 1997). In addition, if the court should determine that affidavits were submitted in bad faith or only to delay the proceeding, the court will order the submitting party to pay the attorney's fees incurred by the other party in responding. Fed. R. Civ. P. 56(g). Appell contends that the affidavits submitted

by Hanover were submitted in bad faith, and he seeks attorney's fees.

### a.    Affidavit of Marilyn Black

Ms. Black, who states that she was chair of Hanover's Board of Selectmen during the time Appell was prosecuted (August 1993 through June 1994), names the chief and acting chief of police during the period, and explains the operation of police prosecutions.  She states that "a specially designated Hanover police officer, who was trained in criminal prosecution matters, prosecuted misdemeanors in district court as authorized and permitted by state law."  She also says that "private parties or entities were not to subsidize the cost of, or exert improper influence over, criminal prosecutions by the Hanover police prosecutor."  Those statements, presumably, are based upon her personal knowledge gleaned from her position on the Board of Selectmen.  Her next statements, however, undermine her previous statements by repeating essentially the same information but qualifying the basis of her knowledge as "the best of my knowledge and belief."  Because statements based on "information and belief" are not competent to support a motion for summary judgment, and the basis of Ms. Black's knowledge of the town's policy and practice pertaining to police prosecutors is unclear, her affidavit, in its present form, will not be considered.

Appell contends that the affidavit was submitted in bad faith because elsewhere Hanover has admitted that Fleet Bank paid

7

for a transcript of a state court proceeding that was used in his prosecution. Ms. Black's statements are not sufficiently contrary to statements that Fleet provided a copy of the transcript to suggest bad faith. The court finds that the affidavit was not submitted in bad faith.

### b. Affidavits of Nicholas J. Giaccone, Jr. and Christopher O'Connor

Appell contends that both Giaccone's and O'Connor's affidavits providing statements about O'Connor's training and experience as a police prosecutor do not pertain to the time when O'Connor prosecuted him or are otherwise vague or irrelevant. Appell is simply wrong. O'Connor and Giaccone describe O'Connor's prosecutorial training in six different programs held between 1986 and April 1992. Appell was prosecuted in 1993 and 1994, so O'Connor's prior training is relevant to his competence at the time of Appell's prosecution. Appell's remaining objections to the affidavits are also meritless.

### 2. Rule 56(f) Request

Rule 56(f) allows additional time for a party to conduct discovery before filing an objection to a motion for summary judgment, but only when specific requirements are met. C.B. Trucking, Inc. v. Waste Management, Inc., 137 F.3d 41, 44 (1st Cir. 1998). To invoke the protection of Rule 56(f), a party must show that he was diligent in pursuing discovery before the summary judgment motion was filed and demonstrate a "plausible

basis" for the court to conclude that specific facts, capable of influencing the outcome of the pending motion, exist and may be discovered within a reasonable amount of time. Id. (citing Resolution Trust Corp. v. North Bridge Assoc., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)).

In support of his Rule 56(f) request, Appell asserts that all of his discovery requests remain unanswered. It appears, however, that Hanover objected to Appell's discovery attempts although he included only one of Hanover's objections with his response. Appell also says Hanover refused to comply with his discovery requests related to "the officers" (apparently referring to police officers Giaccone and O'Connor) because they had been dismissed from the suit. The only discovery submitted with Appell's response to the motion for summary judgment are his request for admissions from O'Connor, dated October 9, 1997, an undated request to Hanover for production of documents (received by Hanover on October 17, 1998), and Hanover's objection to the request for production. Despite his complaint that Hanover never answered his discovery requests, Appell never moved to compel answers or responses to his requests.

Since the court's order in December 1997 granting defendants' motion to dismiss, excepting only the present claims against Hanover, Appell has been on notice of the issues remaining in his suit. He apparently engaged in no discovery efforts following the court's December order, nor did he attempt to compel answers to his prior requests. Appell was granted an

9

extension of time to respond to Hanover's present motions, but still did not pursue further discovery or seek court assistance to compel responses to his prior discovery requests. Thus, Appell fails to meet the first requirement for Rule 56(f) relief because he has not shown that he was diligent in pursuing discovery before Hanover's motion for summary judgment.

In addition, the discovery requests Appell included with his response are not material to the present motion for summary judgment. Appell seeks personal information about Officers Giaccone and O'Connor (who are no longer defendants in this case) unrelated to his claims here that the town had a practice or policy with respect to the prosecution of misdemeanors that violated his constitutional rights. Instead, Appell seems to seek information, unrelated to his current dispute with the town, perhaps to use in yet another suit (Appell has participated in approximately six suits in this court during the past five years). Accordingly, even if Appell could show that he diligently pursued discovery, he could not show that the discovery he seeks would likely produce facts capable of influencing the outcome of this case.

Appell's Rule 56(f) request is denied.


## CONCLUSION

For the foregoing reasons, defendant Hanover's motion for judgment on the pleadings (state law claims) (document no. 23) is granted. Defendant's motion for judgment on the pleadings (civil

10

rights claims) (document no. 20) is denied.  Defendant's motion for summary judgment on the civil rights claims (document no. 22) remains pending, and plaintiff is granted ten days from the date of this order to file an appropriate and properly supported response.  No further extensions of time will be granted absent extraordinary circumstances.

   **SO ORDERED.**


                                    _____
                                    Steven J. McAuliffe
                                    United States District Judge

May 18, 1998

cc:  Leonard Appell
     Charles P. Bauer, Esq.