# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0299, <u>Seacoast Helicopters, LLC v. Kevin Beaulieu</u>, the court on March 14, 2019, issued the following order:**

The motion filed by the plaintiff, Seacoast Helicopters, LLC, to strike certain portions of the brief and appendix filed by the defendant, Kevin Beaulieu, is granted. The defendant's motion seeking leave to file a reply to the reply brief filed by the plaintiff is denied.

Having considered the plaintiff's opening and reply briefs, the defendant's opposing brief, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals an order of the Circuit Court (<u>Vetanze</u>, J.) awarding attorney's fees to the defendant. <u>See</u> <u>Emerson v. Town of Stratford</u>, 139 N.H. 629, 631-32 (1995). We affirm in part, vacate in part, and remand.

In August 2013, the defendant began working, on an independent-contractor basis, as a pilot for the plaintiff. In January 2016, he became an employee. In October 2016, he gave two-week notice that he was leaving the plaintiff's employ. The defendant subsequently resigned his position.

In December 2016, the defendant brought a wage claim seeking to recover his last paycheck. The plaintiff agreed that the defendant was due most of the wages claimed, but asserted that it was due an offset because the defendant owed the plaintiff $4,305 for breaching an alleged oral contract relating to flight training hours. A hearing officer for the New Hampshire Department of Labor (DOL) found in favor of the defendant and ordered the plaintiff to pay the defendant $1,476, less any applicable taxes. Two days after the DOL hearing, the plaintiff brought the instant small claim action, seeking to recover $4,950 from the defendant as compensation for "Aircraft Flight Time incurred while training and testing for FAA Certification as . . . [an] External Load Chief Pilot." The plaintiff subsequently appealed the DOL's decision to the superior court, which upheld it.

The court dismissed the plaintiff's claim on the merits, ruling as follows:

> [The plaintiff] would have the Court find that there was a contract between the parties, that [the defendant] breached the contract, and that [the plaintiff] is entitled to damages in the amount of the flight time expense [it] incurred from [the defendant]

preparing for and taking the FAA test. . . . The Court finds that to the extent there was an agreement of the parties, . . . [the defendant] complied with the terms of that agreement. Even if the Court found that [the defendant] somehow breached a contract with [the plaintiff] (which the Court does not find), the Court cannot find that the agreement included a provision for what amounts to liquidated damages equivalent to the flight time costs with obtaining the FAA certificate. The Court is confident that whatever the actual agreement of the parties was, it did not include a term that if [the defendant] breached the agreement, he would be personally responsible for paying for the air time he used in preparing for the FAA test, and taking the test.

Furthermore, even if the Court found that [the defendant] owed [the plaintiff] any damages, it would not use the flying time as the measure of damages. . . .

. . . The Court concludes, based on all of the evidence, that the time [the defendant] spent flying to prepare and obtain the FAA certificate, and the time [he spent] flying with [another pilot] before he left, provided a benefit to [the plaintiff]. Thus even giving [the plaintiff] the benefit of the doubt and assuming that the parties had an enforceable contract that [the defendant] breached, the Court would not award damages to [the plaintiff].

. . . [Accordingly,] [the plaintiff] has failed to meet its burden of proof that there was an enforceable contract that [the defendant] breached causing [the plaintiff] damage.

The court then awarded the defendant attorney's fees in part because it found that the plaintiff pursued its small claims action so as to "oppress [the defendant] as a consequence for him ending his employment" with the plaintiff. The court observed that the plaintiff had argued that, after the DOL hearing, it had determined that its recourse was to file a small claims action instead of seeking an offset to the defendant's wage claim. The court stated that the record "defie[d] this assertion" because it showed that, even after filing this small claims action, the plaintiff pursued its offset claim in the wage claim proceedings. Specifically, the court noted that after the plaintiff filed its small claims action, it argued in the superior court that it was entitled to an offset. This appeal followed.

We review awards of attorney's fees and costs under our unsustainable exercise of discretion standard, giving substantial deference to the trial court's decision. George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 139 (2011). To be reversible on appeal, the discretion must have been exercised for reasons

clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party.  Appeal of Local Gov't Center, 165 N.H. 790, 813 (2014).  Our task on appeal is not to determine whether we would have found differently; rather, we determine whether a reasonable person could have found as the trial judge did.  In re Adam M., 148 N.H. 83, 84 (2002).  We will defer to the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law.  N.H. Right to Life v. Dir., N.H. Charitable Trust Unit, 169 N.H. 95, 126 (2016).

The general rule in New Hampshire is that parties pay their own attorney's fees.  In the Matter of Mallett & Mallett, 163 N.H. 202, 211 (2012).  "Underlying the rule that the prevailing litigant is ordinarily not entitled to collect his counsel fees from the loser is the principle that no person should be penalized for merely defending or prosecuting a lawsuit."  Harkeem v. Adams, 117 N.H. 687, 690 (1977).  However, a prevailing party may be awarded attorney's fees when recovery of fees is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees.  In the Matter of Mason & Mason, 164 N.H. 391, 398 (2012).

Here, the trial court awarded fees pursuant to the judicial exception that allows such an award when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons, where the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and where it should have been unnecessary for the successful party to have brought the action."  Harkeem, 117 N.H. at 691 (quotation and citations omitted).  "[B]efore a Harkeem exception may be carved out, it must be supported by a specific finding of bad faith, such as obstinate, unjust, vexatious, wanton or oppressive conduct."  Pugliese v. Town of Northwood, 119 N.H. 743, 752 (1979).

The plaintiff asserts that the fact that it simultaneously sought an offset to the defendant's wage claim and sought recovery in this small claims action "cannot form the basis of a finding that [it] acted unreasonably, oppressively and in bad faith."  The plaintiff contends that "[t]he fact that the issue of off-set was addressed in the wage claim appeal at the Superior Court after [the plaintiff] filed [its] Small Claim Complaint . . . is not evidence of oppression."  We agree with the plaintiff that, under the circumstances of this case, the mere fact that the plaintiff simultaneously pursued its offset claim in the wage claim proceedings and its small claims action is not evidence of oppression.  This is particularly so given that, as the superior court explained in its order upholding the DOL's decision, the plaintiff could not recover for its asserted breach of contract claim in the DOL proceedings, but could potentially recover on that claim by bringing an action in a court of competent jurisdiction.  Because we cannot determine whether the trial court would have awarded attorney's fees had it not relied upon that fact, we vacate its attorney's fee

3

award and remand for further proceedings.  In light of our decision, we decline to address the parties' remaining arguments.

Affirmed in part; vacated in part; and remanded.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.


**Eileen Fox,**
**Clerk**

4