## No. 2867.

### Timothy McCarty, for the use of A. A. Greely, v. The Louisiana Mutual Insurance Company of New Orleans.

Where the plaintiff, claiming for the use of A, judicially admitted that the insurance on a house was effected by him on behalf and for the benefit of said A;

Held—That the court a qua erred in not permitting defendant to show that A had set the house on fire, and further erred, under the circumstances of the case, in not allowing defendant to prove plaintiff's declaration, after the fire, that the premises were not his and that he had never possessed any insurable interest therein, notwithstanding his title had been received in evidence.

APPEAL from the Fifth District Court, Parish of Orleans. Leaumont, J. C. B. Singleton and J. Fisk, for plaintiff and appellee. Race, Foster & Merrick, for defendant and appellant.

Wyly, J. The plaintiff sues for $800, the amount of an insurance on a frame cottage, which was burned on the night of June 7, 1869,

and he prays that "judgment be rendered in favor of petitioner for the use of Albert A. Greely, for whose use and benefit said policy was effected."

The defendant admits the issuance of the policy, but alleges "that the same is null, and that no risk was taken under the same, for reason of fraud and misrepresentation of petitioner, McCarty, in making his application for the same; that he then represented and held himself out as the owner of the property sought to be insured, and the policy issued to him personally and not as agent for any person or for the use and benefit of any other person, and said McCarty had no ownership or interest in said property and no insurable interest in it, and nothing was therefore insured, nor was any risk taken under said policy; that so soon as the true facts were learned, and the fraud of McCarty made apparent, respondent offered to refund all the moneys received as premiums, notifying McCarty that there was no legal policy and no risk assumed; that A. A. Greely has no interest in said policy, as the same was not issued in his behalf, nor for his interest; that the property was set on fire by the owner himself, as respondents are informed, and if the policy had been good and legal, and not null and void because of fraud, in no event could respondent be held liable thereon."

The court gave judgment for the amount claimed, and the defendant appeals. We think the court erred in not permitting the defendant to prove that the house was set on fire by Albert A. Greely, for whose use and benefit the plaintiff judicially admits the insurance was effected.

We think the court also erred in not receiving the testimony of defendant's witness to prove that "a few days after the fire in question Timothy McCarty went to the office of the defendant, spoke of the fire, did not pretend to claim the amount of the insurance, said the premises insured were not his, and that he never had any insurable interest therein, and only asked as a favor that defendant would pay the three bills (for the funeral expenses of Mrs. Greely), amounting in all to $92 50; he would return the policy of insurance on their payment; that the money paid for premiums both times belonged to said Greely." It was certainly competent to prove McCarty's statement that the money paid for premiums belonged to Greely. In view of the allegation of fraud and misrepresentation of McCarty when effecting the insurance as to the ownership of the property insured, and considering the fact that the possession of the property still remained in Greely, notwithstanding the deed to McCarty, we are of the opinion that the defendant had the right to prove the admissions of McCarty after the fire occurred, to wit: that he did not claim the amount of the insurance, that the premises were not his, and that he never had an

insurable interest therein. We think this evidence was admissible, notwithstanding McCarty's title had been received in evidence, and the bills of exceptions were well taken.

In view of the erroneous ruling of the court concerning the introduction of evidence, it becomes necessary to remand this case.

It is, therefore, ordered that the judgment herein be annulled, and that this cause be remanded for new trial, according to law and the views herein expressed; appellee paying costs of appeal.