301 So.2d 681 (1974)
Harry L. FUSELIER et al., Plaintiffs-Appellants,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.
No. 4675.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
J. Winston Ardoin of Devillier & Ardoin, Eunice, for plaintiffs-appellants.
Lewis & Lewis by Seth Lewis, Jr., Opelousas, for defendant-appellee.
Before FRUGE, MILLER and WATSON, JJ.
WATSON, Judge.
Harry L. Fuselier and his wife, Florence Guillory Fuselier, plaintiffs, have appealed the adverse judgment of the trial court on their claim against United States Fidelity and Guaranty Company, defendant, for fire loss which occurred to their house and its contents in Eunice, Louisiana on July 21, 1969. The trial court denied recovery to plaintiffs, finding that Harry L. Fuselier set the house on fire. Judgment was given on the insurer's reconventional demand, recognizing United States Fidelity and Guaranty Company as owner of the mortgage on the house and giving judgment against plaintiffs in the amount of $12,518.43, the balance due on the mortgage, together with interest and attorney's fees.
The errors specified by appellants fall into two general areas: first, that the affirmative defense of arson was not proved; and second, that even if arson was proved, the policy does not exclude recovery.
The first issue to be decided is one of fact: did the insurer prove the affirmative defense of arson, or as it is *682 sometimes called "incendiarism"? The proof required is a preponderance of the evidence and may be circumstantial. Sumrall v. Providence Washington Ins. Co., 221 La. 633, 60 So.2d 68 (1952). Our review of the record indicates that there is ample evidence to justify the conclusion by the trial court that Harry L. Fuselier burned the house.
Fuselier admitted that on the night of the fire he had a fight with his wife in which he slapped her and pulled her hair. He also admitted that he had two gas cans on the premises, at least one of which contained a flammable mixture of gasoline and oil. He also admitted being on the premises as late as 12:55 a. m.
Mrs. Fuselier confirmed that her husband was drinking, that he pulled her hair and slapped her. She testified that she hit him with a small lamp and cut him on the forehead. After the police arrived to stop the family quarrel, Harry said, according to his wife, "... go ahead and leave, ... take your things ... whatever you leave I'll burn." (TR. 96)
Roosevelt Smith, a deputy sheriff of St. Landry Parish, heard Harry threaten to burn his wife's belongings if they were left behind. Smith's testimony was confirmed by that of his partner, Junice B. Bertrand.
These two deputies testified that they left the Fuselier house between 12:30 and 12:47 a. m. to follow Mrs. Fuselier to the hospital for first aid. They were notified of the fire at the Fuselier residence approximately 21 to 25 minutes from the time they left Harry at the residence.
The Eunice fire chief, Ronald Moosa, testified that the fire was burning in several parts of the house when he arrived on the scene. An expert on the origin of fires, William M. Roth, Jr., a deputy state fire marshall, testified that his examination of the premises revealed three different points of origin of the fire in the Fuselier home.
Paul L. Cobb, Jr., assistant supervisor of the State Police Crime Laboratory and an expert in chemistry, testified that he found evidence of petroleum products in the clothing removed from the bedroom dresser in one of the rooms of the Fuselier house.
The only evidence presented by plaintiffs other than their own testimony, was that of several residents of Eunice that Harry L. Fuselier enjoyed a good reputation in the community and had a good credit rating.
Our conclusion is that the trial court was correct in holding that the evidence establishes that the plaintiff, Harry L. Fuselier, set his house on fire. Certainly, there is no manifest error.
The other issue arises because of certain language used in the pleadings of the defendant insurer. In addition to denying liability because of the charge that the fire resulted from the actions of Harry L. Fuselier, the insurer also alleged that Fuselier's actions increased the fire hazard and that Fuselier failed to use reasonable means to save and preserve the property. Counsel for plaintiffs argues that the language in the policy relating to increasing the hazards and failing to take action to preserve the property is ambiguous and must be construed against the insurer. This argument on behalf of plaintiffs is, in our opinion, without merit. The defendant's answer alleges that Harry L. Fuselier caused the fire, and that, as a consequence, he cannot recover. The other language about increasing the hazard and failing to preserve the property is surplusage.
There is no requirement that a fire insurance policy state that the insured may not recover if he burns his house. Our law does not allow one to profit from his wrongdoing. Arson or incendiarism has been recognized in Louisiana for many years as a defense to a claim on a fire insurance policy. McCarty v. The Louisiana Mutual Ins. Co. of N. O., 25 La.Ann. 354 *683 (La.App.Orl.1873). Rudison v. Michigan Millers Mutual Insurance Co., 152 So.2d 407 (La.App. 1 Cir. 1963); writ denied 244 La. 669, 153 So.2d 883.
On the reconventional demand by the insurer against plaintiffs, the trial court correctly rendered judgment in favor of the insurer.
For the reasons assigned, the judgment of the trial court is affirmed. Costs are taxed against the appellants.
Affirmed.