**OHIO FARMERS INSURANCE COMPANY, Plaintiff,**

v.

**Rickie A. McKEAN and Deborahra McKean, Defendants.**

No. CIV. A. 297–1120.

United States District Court, S.D. West Virginia, at Charleston.

Sept. 24, 1999.

Brent K. Kesner, Kesner, Kesner & Bramble, Charleston, WV, for plaintiff.

Patrick L. Cottrell, Mitchell & Murray, Charleston, WV, for defendant.

### *MEMORANDUM ORDER*

COPENHAVER, District Judge.

.Pending before the court is the motion of plaintiff, filed October 28, 1998, to recover costs and fees incurred in connection with its investigation and successful prosecution of the above-styled declaratory judgment action against defendants.

#### I.  *Background*

The defendants, Rickie and Deborahra McKean, suffered a fire loss at their residence in St. Albans, West Virginia, on January 26, 1997. The fire reignited on January 27, 1997, and caused additional damage to the home.  At the time of the fire, defendants were insured under a homeowner's insurance policy issued by plaintiff, Ohio Farmers Insurance Company ("Ohio Farmers").  Defendants filed a

claim with Ohio Farmers to recover insurance proceeds under the policy for their fire loss. Based on its investigation of the claim, Ohio Farmers filed a complaint with the court on November 18, 1997, seeking a determination of its obligations under the policy. In its complaint, Ohio Farmers alleged that defendants intentionally set fire to their residence and engaged in fraudulent conduct relating to their claim, thereby precluding coverage under the policy.

This case proceeded to jury trial on October 7, 1998, through October 13, 1998, during which counsel for Ohio Farmers, Brent K. Kesner, and counsel for defendants, Patrick L. Cottrell, stipulated on the record that the issue of whether Ohio Farmers was entitled to recover its costs and attorney's fees would be submitted to the court for resolution upon the conclusion of the trial.

Based upon the evidence presented at trial, the jury returned a verdict in favor of Ohio Farmers for $27,016.00, representing the amount paid by Ohio Farmers to the lienholder, Esther McKinney, of $25,016.00 and an advance paid by Ohio Farmers to defendants of $2,000.00. In rendering its verdict, the jury answered as follows to two special interrogatories:

1. Did the defendants, Rickie A. McKean and Deborahra McKean, or either of them, intentionally cause, directly or indirectly, the fire of January 26, 1997?
    Yes __X__ No _____

2. Do you find that the defendants intentionally concealed or misrepresented any material fact or circumstance or made false statements or engaged in fraudulent conduct relating to their claim for insurance coverage under Ohio Farmers' insurance policy?
    Yes __X__ No _____

Following trial, Ohio Farmers filed the instant motion, seeking recovery of attorney's fees and costs in the total amount of $63,893.54. Defendants contest Ohio Farmers' right to recover attorney's fees and costs incurred in connection with its investigation and prosecution of this action, arguing that they are financially unable to pay the amount sought by Ohio Farmers and if they are ordered to do so they will lose their home. Defendants also object to the amount sought by plaintiffs as being unreasonable and excessive.

## II. *Discussion*

■ It is well-settled in West Virginia that in a property damage suit, reasonable costs, including attorney's fees, can be recovered by a policyholder when that policyholder substantially prevails in litigation on the claim against his or her insurer. *See, e.g., McCormick v. Allstate Ins. Co.,* 197 W.Va. 415, 475 S.E.2d 507 (1996); *Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W.Va. 323, 352 S.E.2d 73 (1986); *Aetna Cas. & Sur. Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986). The West Virginia Supreme Court of Appeals has not, however, addressed the issue of whether an insurer is entitled to recover its reasonable costs and attorney's fees where it prevails in an action against a policyholder.

At least one jurisdiction has resolved the question in favor of an award of attorney's fees and costs to the insurer under these circumstances by statute. *See* 18 Pa. Cons.Stat. Ann. § 4117(g) (West 1998) ("An insurer damaged as a result of ... [insurance fraud] may sue therefor in any court of competent jurisdiction to recover compensatory damages, which may include reasonable investigation expenses, costs of suit and attorney fees."). Other states by statute allow an insurer to bring a civil suit to recover investigation costs, expenses and attorney's fees once its insured has been found criminally liable for fraud. *See, e.g.,* Fla. Stat. Ann. § 817.234(5) (West 1998) ("Any insurer damaged as a result of ... [insurance fraud] when there has been a criminal adjudication of guilt shall have a cause of action to recover compensatory damages, plus all reasonable investigation and litigation expenses, including attorneys' fees, at the trial and appellate courts."); Ky.Rev.Stat. Ann.

§ 304.47–020(3) (Banks–Baldwin 1998) (same).

Other jurisdictions and commentators have also considered the matter, generally concluding that the insurer is entitled to recover reasonable costs and attorney's fees where it is shown that the policyholder acted in bad faith or engaged in fraudulent conduct in connection with a claim for insurance. *See, e.g., Fuselier v. United States Fidelity & Guar. Co.,* 301 So.2d 681 (La.Ct.App.1974) (affirming trial court's entry of judgment in favor of insurer for amount paid to mortgagee plus attorney's fees and interest where insurer proved affirmative defense of arson); *Russell v. Niagara Fire Ins. Co.,* 129 So.2d 545 (La. Ct.App.1961) (holding that insurer that proved fire loss was incendiary in nature was entitled to reimbursement from its insured for the amount paid to the lienholder plus attorney's fees and interest); *see also* 12 *Couch on Insurance 3d* § 170:36 (3d ed.1997); 22A J. Appleman, *Insurance Law and Practice* § 14533, at 379–80 (1979); *contra, Maguire v. Merrimack Mut. Ins. Co.,* 133 N.H. 51, 573 A.2d 451 (1990) (affirming trial court's denial of attorney's fees to insurance company despite jury finding that insured set fire to his own home in order to obtain policy proceeds).

■ Although the West Virginia Supreme Court of Appeals has not addressed this issue, the court has allowed a prevailing litigant to recover attorney's fees from the losing party when the losing party has acted in bad faith. *See, e.g., Bowling v. Ansted Chrysler–Plymouth–Dodge, Inc.,* 188 W.Va. 468, 425 S.E.2d 144, 150 (1992) ("A well-established exception to the general rule prohibiting the award of attorney's fees in the absence of statutory authorization, allows the assessment of fees against a losing party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."); *Sally–Mike Properties v. Yokum,* 179 W.Va. 48, 365 S.E.2d 246, 249 (1986) ("There is authority in equity to award to the prevailing litigant his or her reasonable attorneys' fees as 'costs' without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.")

■ Fraud falls within the "bad faith" exception to the general rule that each litigant bears his or her own attorney's fees. *Bowling,* 425 S.E.2d at 151. Accordingly, "[i]f the party seeking fees can demonstrate the specific, certain and conclusive existence of malice or fraud, attorney's fees are available." *Id.* (citations omitted). Stated differently, "where it can be shown by clear and convincing evidence that a defendant has engaged in fraudulent conduct which has injured a plaintiff, recovery of reasonable attorney's fees may be obtained in addition to the damages sustained as a result of the fraudulent conduct." *Id.*

■ As noted previously, the jury returned a verdict in favor of Ohio Farmers at the conclusion of trial, finding that the defendants had intentionally caused the fire and had engaged in fraudulent conduct in connection with their claim. In doing so, the jury can be said to have found the elements of a claim made fraudulently, wantonly and in bad faith. For this reason, the court finds that Ohio Farmers is entitled to recover from defendants its reasonable attorney's fees and costs incurred in connection with Ohio Farmers' successful prosecution of this action. Having determined that Ohio Farmers is entitled to recover its reasonable attorney's fees and costs, the court must determine whether the amount sought by Ohio Farmers of $63,893.54 is reasonable.

■ In determining the reasonableness of attorney's fees, the court must take into consideration evidence of the following: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or continuous;

(7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Aetna Cas. & Sur. Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156, 162 (1986) (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974)).

■ In the court's view, the approach to be utilized in determining the reasonableness of investigative costs and other expenses is analogous to that involved in awarding attorney's fees. *See generally Poritz v. Stang,* 288 N.J.Super. 217, 672 A.2d 210 (App.Div.1996). Thus, at the very least, the court must consider the nature of the services performed, the actual number of hours expended, and the hourly rate charged.

In support of its motion, Ohio Farmers has submitted an affidavit from its claims representative, Steve Myers, indicating his belief that the "expenses paid by Ohio Farmers/Westfield Companies [were] reasonable, and the same were necessary in connection with the investigation and defense of the claims presented by Rickie and Deborahra McKean." (Affidavit of Steve Myers at ¶ 4). Attached as an addendum to Myers' affidavit is an itemization of the costs and attorney's fees incurred by Ohio Farmers in connection with this action which total $63,893.54.

Included in the itemization are four entries of amounts paid as attorney's fees to "Kesner, Kesner, & Bramble" of $5,260.31, $8,405.54, $15,507.42, and $16,815.99, for a total of $45,989.26. A detailed description of the legal services performed, including the date, the actual work, the time spent, the name of the lawyer performing the service, or the per hour charge has not been provided by Ohio Farmers.

Additionally, the itemization of expenses submitted by Ohio Farmers shows other payments made by Ohio Farmers totaling $17,904.28, comprised of the following: (1) three entries of amounts paid to "Advanced Engineering Associates" of $390.75, $370.00, and $1,790.78, for a total of $2,551.53; (2) three entries of amounts paid to "Donald B. Cypher & Associates" of $1,575.23, $366.50, and $3,332.60, for a total of $5,274.33; (3) six entries of amounts paid to "Accurate Reporting Service" of $719.85, $147.25, $319.50, $124.60, $615.55, and $420.35, for a total of $2,347.10; (4) five entries of amounts paid to "CEA, Inc." of $130.00, $300.20, $655.23, $549.17, and $3,836.42, for a total of $5,471.02; (5) four entries of amounts paid to "Connie Doughty DeMuth & Associates" of $75.00, $75.00, $66.00, and $88.00, for a total of $304.00; (6) one entry of an amount paid to "Hess & Smith" of $374.85; (7) one entry of an amount paid to "Runfola & Associates" of $594.41; (8) one entry of an amount paid to "Mark Lambert (State Fire Marshall's Office)" of $238.04; (9) one entry of an amount paid to "Casto Investigations" of $742.00; and (10) one entry of an amount paid to "Kanawha County Clerk" of $7.00. As with attorney's fees, Ohio Farmers has not provided a detailed description of the services performed, the time spent, or the per hour charge, nor has the reasonable necessity of other costs been shown.

■ Based upon the scant information submitted by Ohio Farmers in support of its motion, the court is unable to make a determination as to the reasonableness of the amount of attorney's fees and costs sought by Ohio Farmers. Consequently, the court is unable to enter judgment against defendants and in favor of Ohio Farmers in the amount of $63,893.54 on the basis of the existing record. In short, genuine issues of material fact as to the amount of the award remain for resolution.

### III. *Conclusion*

For the stated reasons, it is ORDERED that plaintiff's motion be, and it hereby is, granted to the extent that the court finds that Ohio Farmers is entitled to recover its reasonable attorney's fees and costs ex-

pended in prosecuting this action against defendants.

In order to enable the court to make a determination as to the reasonableness of the attorney's fees and costs sought by plaintiff and to fix an award, it is further ORDERED that plaintiff furnish an itemization of the legal and other services performed and the reasonable necessity of fees and costs incurred on or before October 14, 1999, to which defendants shall respond by October 25, 1999. It is further ORDERED that the parties appear by counsel at a conference before the court on November 4, 1999, at 1:15 p.m., at the Robert C. Byrd United States Courthouse, at Charleston.

The Clerk is directed to forward copies of this order to all counsel of record.