DOUGLAS HARRINGTON, APPELLEE, V. FARMERS UNION
CO-OPERATIVE INSURANCE COMPANY, APPELLANT.

696 N.W.2d 485

Filed May 10, 2005. No. A-03-958.

 

William E. Gast, P.C., L.L.O., and Gene M. Eckel for appellant.

No appearance for appellee.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Douglas Harrington sued Farmers Union Co-Operative Insurance Company (Farmers) under a fire insurance policy after Harrington's house burned. After a verdict for Farmers, the trial court denied Farmers' motion for attorney fees and costs under Neb. Rev. Stat. § 25-824(2) (Reissue 1995). Farmers appeals, asserting that the jury's additional special findings conclusively determined that the action was "frivolous and made in bad faith." Because we conclude that the jury's findings did not abrogate the trial court's discretion under § 25-824 and Neb. Rev. Stat. § 25-824.01 (Reissue 1995) and that the trial court did not abuse its discretion, we affirm.

## BACKGROUND

Farmers insured Harrington's residential property. The insurance contract provided, in relevant part:

**Concealment, fraud.** This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

On September 30, 1997, the insured property was destroyed by fire. Harrington filed a claim with Farmers. Farmers denied the claim.

On September 29, 1998, Harrington filed suit against Farmers for breach of the insurance contract and sought to recover benefits payable under the contract, as well as additional damages for Farmers' alleged bad faith refusal to pay the benefits. (Prior to trial, the trial court disposed of Harrington's bad faith claim by summary judgment.) Farmers generally denied the allegations

in Harrington's petition and alleged that Harrington had set the fire deliberately with the intent of defrauding Farmers. Farmers counterclaimed against Harrington to recover the $34,341.06 that Farmers had paid toward its mortgage lien on the insured property, plus interest. Farmers also requested costs. Harrington denied the allegations in Farmers' counterclaim. On April 30, 2003, Farmers moved for attorney fees and costs in accordance with § 25-824(2) and (3) and § 25-824.01.

On May 9, 2003, after a trial on the merits, the jury unanimously returned a general verdict for Farmers. At the same time—which followed more than 6 hours of deliberations, see Neb. Rev. Stat. § 25-1125 (Reissue 1995)—different majorities returned special findings in response to interrogatories Nos. 2 and 3, which stated:

## INTERROGATORY NO. 2

Did [Farmers] establish both of the following by the greater weight of the evidence:

(a) That the fire which destroyed [Harrington's] residential structure September 30-October 1, 1997 was willfully caused by [Harrington].

**YES_X_ NO__**

(b) That [Harrington] intended that the fire destroy or damage the insured property.

**YES_X_ NO__**

. . . .

## INTERROGATORY NO. 3

Did [Farmers] establish both of the following by the greater weight of the evidence?

(a) [Harrington] knowingly and willfully made representations of the material facts which were false, or concealed material facts, regarding the nature and circumstances of the fire and his claim for coverage.

**YES_X_ NO__**

(b) That [Harrington] intentionally so acted in order to deceive [Farmers].

**YES_X_ NO__**

Eleven jurors signed interrogatory No. 2, and 10 jurors signed interrogatory No. 3.

On May 15, 2003, Harrington filed a motion for new trial and judgment notwithstanding the verdict. The trial court later overruled the motion for new trial after hearing counsel's arguments on the matter, but it did not mention the motion for judgment notwithstanding the verdict. In its order on the merits of the case, entered May 21, the trial court recounted the jury's findings, dismissed Harrington's causes of action, and entered judgment in favor of Farmers.

On June 26, 2003, the trial court conducted a hearing on Farmers' motion for attorney fees and costs. On July 22, the trial court entered an order awarding Farmers court costs. Regarding Farmers' request for attorney fees, the trial court stated in part:

> [Farmers'] theory for attorney fees is based upon the findings of the jury. [Farmers] asse[r]ts that because the jury found in favor of [Farmers], found that [Harrington] had started the fire, and found that [Harrington] had misrepresented information to [Farmers], [Harrington's] initiation of this litigation by definition was frivolous and in bad faith. Counsel for [Harrington] is correct that the outcome of the litigation is not the measure by which a court allows attorney fees for frivolous claims and bad faith. First the Court must recognize that the findings made by the jury in favor of [Farmers] are findings made by the preponderance of the evidence. That is, [Harrington] could not prove his version of the occurrences w[as] more likely true than [Farmers'], and the assertions of [Farmers] in its counterclaim[']s affirmative defenses were found more likely true than not. To award attorney fees on [an] outcome basis in fraud or misrepresentation cases, or in situations in which the defendant prevails on an affirmative defense, would be tantamount to allowing any party who prevails in litigation to obtain attorney fees from the opposing party.
>
> In reviewing the totality of the evidence as presented the Court cannot find that [Harrington's] assertion of rights and claims, nor the defenses made by [Harrington] to [Farmers'] affirmative defenses[,] w[as] frivolous or made in bad faith.

The trial court denied Farmers' request for attorney fees. Farmers appeals.

## ASSIGNMENTS OF ERROR

Farmers alleges that the trial court erred in (1) overruling Farmers' motion for an award of fees and costs, (2) ruling that the trial court was not bound by the special findings of the jury, and (3) failing to recognize that Harrington knew that the allegations in his petition were false when he made them and were thus frivolous and made in bad faith.

## STANDARD OF REVIEW

The standard of review on the trial court's determination of a request for sanctions under § 25-824 is whether the trial court abused its discretion. *Detmer v. Bixler*, 10 Neb. App. 899, 642 N.W.2d 170 (2002). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Cedars Corp. v. Sun Valley Dev. Co.*, 253 Neb. 999, 573 N.W.2d 467 (1998).

## ANALYSIS

Farmers essentially argues that the trial court erred in denying its motion for attorney fees because the jury's special findings bound the trial court on the issue of attorney fees and amounted to a determination that Harrington's claims were frivolous and made in bad faith. At the outset, we note that the record presented to this court does not include any of the trial proceedings or evidence adduced at the trial. The record does include the evidence offered at (1) the hearing on Farmers' motion for partial summary judgment and (2) the hearing on Farmers' motion for attorney fees pursuant to § 25-824(2).

We begin by recalling the general principles applicable to review of motions for attorney fees under § 25-824(2).

This court reviews the trial court's determination of a request for attorney fees under § 25-824(2) for an abuse of discretion. See *Detmer v. Bixler, supra*. Section 25-824(2) gives the trial court authority to grant attorney fees in certain situations and provides, in relevant part:

> [I]n any civil action commenced or appealed in any court of record in this state, the court *shall* award as part of its judgment and in addition to any other costs otherwise assessed

reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

(Emphasis supplied.) Additionally, § 25-824.01 states:

In determining the amount of a cost or an attorney's fee award pursuant to subsection (2) of section 25-824, the court shall exercise its sound discretion. When granting an award of costs and attorney's fees, the court shall specifically set forth the reasons for such award and shall, *in determining whether to assess attorney's fees and costs* and the amount to be assessed against offending attorneys and parties, consider the following factors, including, but not limited to: . . . (5) whether or not the action was prosecuted or defended in whole or in part in bad faith . . . .

(Emphasis supplied.) A casual reading of §§ 25-824 and 25-824.01 might suggest a contradiction between the requirement of § 25-824 that the trial court "shall" award attorney fees when a claim or defense is frivolous or made in bad faith and the classification in § 25-824.01 of "whether . . . the action was prosecuted or defended . . . in bad faith" as merely one factor among several in a nonexclusive list of factors that the trial court must consider "in determining whether to assess attorney's fees and costs."

However, in construing these statutory provisions, we must look at "the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose." *Arthur v. Microsoft Corp.*, 267 Neb. 586, 593, 676 N.W.2d 29, 35 (2004). The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed in pari materia to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *Id.*

Appellate courts have found the word "shall" to be directory rather than mandatory in some statutes. See, e.g., *Garcia v. Rubio*, 12 Neb. App. 228, 670 N.W.2d 475 (2003) (interpreting "shall" in Neb. Rev. Stat. § 43-1206 (Reissue 1998) as directory

rather than mandatory to save constitutionality of statute); *Randall v. Department of Motor Vehicles*, 10 Neb. App. 469, 632 N.W.2d 799 (2001) (noting that Nebraska Supreme Court has often interpreted "shall" as directory rather than mandatory in statutes involving time limitations). The purpose of § 25-824 is ostensibly to discourage claims and defenses that are frivolous or made in bad faith. In light of this purpose and considering § 25-824 in pari materia with § 25-824.01, we interpret "shall" in § 25-824(2) to be directory rather than mandatory. Therefore, Nebraska's statutory scheme requires the trial court "to exercise its sound discretion" in determining whether to award attorney fees, and whether a claim or defense was made in bad faith is but one factor to be considered by the trial court. § 25-824.01. We find nothing in the legislative history of 1987 Neb. Laws, L.B. 261, which added subsection (2) to § 25-824 and adopted § 25-824.01, to contradict the plain language of § 25-824.01. See, Judiciary Committee Hearing, 90th Leg., 1st Sess. (Feb. 18, 1987); Floor Debate, 90th Leg., 1st Sess. (1987).

We next must determine what effect, if any, the jury's special findings had on the trial court's discretion to award attorney fees. We observe that Neb. Rev. Stat. § 25-1121 (Reissue 1995) states that the trial court "in all cases may instruct [the jury], if [it] render[s] a general verdict, to find upon particular questions of fact to be stated in writing, and may direct a written finding thereon." We assume, without deciding, that a special finding rendered after more than 6 hours of deliberation by a majority of jurors is valid and that so long as at least five-sixths or more of the members of the jury concur in a particular finding, it makes no difference that 11 jurors joined in answering one of the interrogatories while only 10 jurors concurred in the answer to another interrogatory. See § 25-1125. The specific question becomes whether such special findings abrogate the trial judge's usual discretion concerning a motion for attorney fees under § 25-824(2). We find no Nebraska case addressing this issue. Farmers would have us rely on the general rule:

A jury's finding [on a special verdict, special finding, or special question] is binding on, and may not be ignored or disregarded by, the court, provided it is relevant and material to the issues, is warranted by the evidence, does not

contain an unwarranted conclusion of law and has not been set aside on proper grounds. . . .

. . . .

An answer to a special issue is conclusive on all issues covered by it.

89 C.J.S. *Trial* § 1015 at 626-27 (2001), citing, inter alia, *Finch v. W. R. Roach Co.*, 299 Mich. 703, 1 N.W.2d 46 (1941) (holding that trial court did not abuse its discretion in denying motion for new trial when competent evidence supported jury's answers to special questions); *Superior Ins. Co. v. Owens*, 218 S.W.2d 517 (Tex. Civ. App. 1949) (holding in workers' compensation case that issue as to whether worker's total incapacity was temporary was adequately submitted to jury in special question asking for duration of total incapacity); *Ross v. Brainerd*, 54 A.2d 859 (D.C. App. 1947) (holding that trial court's refusal to direct verdict for lessees was proper because jury's answer to special question authorized judgment for lessor). Of course, several Nebraska cases state the related rule that a jury's special finding controls a general verdict and that when such finding is inconsistent with the general verdict, it is the duty of the court to render judgment accordingly. See, e.g., *Walker v. McCabe*, 110 Neb. 398, 193 N.W. 761 (1923); Neb. Rev. Stat. § 25-1120 (Reissue 1995). However, this general rule does not speak to whether a jury's special finding binds a trial court with respect to the matter of attorney fees, which matter by statute is specifically addressed to the trial court's discretion.

Although Farmers could find no case specifically addressing the issue before us and Harrington submitted no brief to this court, we have found two cases from other jurisdictions that confronted nearly identical claims. In *Maguire v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 573 A.2d 451 (1990), the insureds brought suit against the insurer when the insurer refused to pay fire insurance benefits on the ground that the insureds had committed arson and were attempting to collect insurance proceeds fraudulently. In addition to a general verdict for the insurer, the jury rendered a special verdict in the form of special interrogatories. The special verdict found by a preponderance of the evidence that the insureds, or someone acting on their behalf, had willfully and intentionally burned the insured property; that the

insureds willfully concealed or misrepresented a material fact or circumstance concerning their insurance; and that they swore falsely regarding their insurance to obtain policy proceeds. The insurer moved for attorney fees, asserting that the jury's special verdict was tantamount to a ruling that the insureds had instituted frivolous litigation in bad faith. The trial court denied the insurer's motion for attorney fees, and the insurer appealed. The trial court, in explaining its decision using language strikingly similar to the district court's rationale in the case before us, stated:

> " '[T]he burden of proof in this case was by a preponderance of the evidence. The evidence was circumstantial, and the material facts were largely established by expert testimony. There was significant conflicting testimony. Credibility of witnesses, as always, played a substantial role in the verdict. This Court cannot determine that [the insureds were] unreasonable in litigating this matter.
>
> . . . .
>
> " 'It may, at first blush, seem unjust not to award attorney's fees in an action where one who seeks to collect under his fire insurance policy, is determined to have burned his own home. However, an analysis of the [New Hampshire Supreme] Court's decision in [an earlier case], and the purposes behind the general rule against awarding of [sic] attorney's fees, indicate that it is not, in fact, unjust. In this case, the issue of the cause of the fire deserved to be litigated from an evidentiary standpoint.' "

*Maguire v. Merrimack Mut. Ins. Co.*, 133 N.H. at 53, 573 A.2d at 452.

On appeal, the New Hampshire Supreme Court affirmed. It stated that whether to award attorney fees was a matter within the trial court's discretion. The *Maguire* court also observed that the trial court " 'may have [had] insights not conveyed by the record' " and was in the best position to determine whether a claim was made in bad faith. 133 N.H. at 55, 573 A.2d at 454. The court concluded that the jury's special verdict did not remove the trial judge's discretion regarding attorney fees.

In *Ohio Farmers Ins. Co. v. McKean*, 76 F. Supp. 2d 714 (S.D.W. Va. 1999), the court reached a contrary outcome. The

facts were substantially the same as in *Maguire v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 573 A.2d 451 (1990). The insurer filed a motion for attorney fees with the *McKean* court. That court tried the case and was, therefore, exercising the discretion accorded to a trial court for determining this question in the first instance. The court cited *Maguire* but tacitly declined to follow it, holding that in light of the jury's special verdict, the insurer had been entitled to attorney fees. The *McKean* court noted that prevailing litigants in its jurisdiction could recover attorney fees from the losing party when it was shown by clear and convincing evidence that the losing party engaged in fraudulent conduct injuring the other party.

■ We find the reasoning in *Maguire* to be more persuasive, and we conclude that a jury's special finding does not abrogate the trial court's discretion to determine whether a party is entitled to attorney fees under § 25-824(2). We consider the decision in *McKean* to be distinguishable for two reasons. First, the *McKean* court, after recognizing that recovery of attorney fees required a showing by clear and convincing evidence, implicitly proceeded to find the evidence sufficient under that higher standard. In the instant case, the trial court recognized that the special finding was reached only by a preponderance of the evidence and, indeed, not unanimously. Second, the *McKean* court was exercising the discretion of a trial court in making the initial determination whether attorney fees should be recovered. In the case before us, we are reviewing the trial court's decision under an abuse of discretion standard. Moreover, as we have already noted, like the appellate court in *Maguire* and unlike the trial court in *McKean*, we do not have the trial record before us, as Farmers has not included the trial proceedings in the bill of exceptions.

Finally, we consider whether the trial court abused its discretion in denying Farmers' motion for attorney fees pursuant to § 25-824(2). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Cedars Corp. v. Sun Valley Dev. Co.*, 253 Neb. 999, 573 N.W.2d 467 (1998). Farmers specifically argues that the trial court erred in failing to find that Harrington's claims and defenses were frivolous or made in bad faith.

494

In *Randolph Oldsmobile Co. v. Nichols*, 11 Neb. App. 158, 161, 645 N.W.2d 566, 569 (2002), this court summarized the authority concerning the term "frivolous":

> The term "frivolous," as used in § 25-824, connotes an improper motive or legal position so wholly without merit as to be ridiculous. . . . The definition of "frivolous" as set forth above has also been held to mean without rational argument based on law and evidence to support a litigant's position in the lawsuit. . . . Any doubt whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question. . . . The determination of whether a particular claim or defense is frivolous must depend upon the facts of a particular case.

(Citations omitted.)

In denying Farmers' motion for attorney fees, the trial court noted that the jury's answers to the special interrogatories were made by a preponderance of the evidence, and we further note that the jury's answers to the special interrogatories were not unanimous. The trial court also alluded to its own discretion by expressing concern that "[t]o award attorney fees on [an] outcome basis in fraud or misrepresentation cases, or in situations in which the defendant prevails on an affirmative defense, would be tantamount to allowing any party who prevails in litigation to obtain attorney fees from the opposing party." After reviewing "the totality of the evidence" presented at trial, the trial court concluded that Harrington's claims and defenses were neither frivolous nor made in bad faith.

As stated above, we conclude that the jury's special findings do not bind the trial court when it determines whether to award attorney fees under § 24-824(2). Instead, the trial court may, in its discretion, consider any number of factors in ruling on a request for attorney fees pursuant to § 24-824(2), and "whether or not the action was prosecuted or defended in whole or in part in bad faith" is only one of those factors. § 25-824.01. In this case, the trial court raised several cogent points in denying Farmers' motion for attorney fees. Like the court in *Maguire v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 573 A.2d 451 (1990), we recognize that the trial court is in the best position to evaluate the credibility of evidence and testimony, and Farmers did not see fit

to provide us with the trial record on appeal. Therefore, we cannot conclude that the trial court abused its discretion in denying Farmers' motion for attorney fees.

## CONCLUSION

Because the trial court did not abuse its discretion in denying Farmers' motion for attorney fees, we affirm.

AFFIRMED.