William White and Dana Singsaas and Rebecca Singsaas,
husband and wife, appellants, v. Marvin Kohout,
in his individual capacity, et al., appellees.

___ N.W.2d ___

Filed October 18, 2013.    No. S-13-046.

1. **Attorney Fees: Appeal and Error.** On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.
2. **Judgments: Costs: Appeal and Error.** The standard of review for an award of costs is whether an abuse of discretion occurred.
3. **Motions to Dismiss: Appeal and Error.** An appellate court reviews a district court's order granting a motion to dismiss de novo. When reviewing a dismissal order, the appellate court accepts as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the pleader's conclusions.
4. **Actions: Pretrial Procedure: Attorney Fees: Costs.** A proposed order dismissing a case with qualifications or conditions does not constitute a "voluntary dismissal" within the meaning of Neb. Rev. Stat. § 25-824(5) (Reissue 2008).
5. **Actions: Attorney Fees: Costs.** The two requirements of Neb. Rev. Stat. § 25-824.01 (Reissue 2008), one mandating a court to specifically set forth the reasons for the award and the other requiring the court to consider enumerated factors, are separate and distinct.
6. **Statutes: Appeal and Error.** An appellate court gives statutory language its plain and ordinary meaning.
7. **Statutes: Legislature: Intent: Appeal and Error.** An appellate court gives effect to the purpose and intent of the Legislature as ascertained from the entire language of a statute considered in its plain, ordinary, and popular sense.
8. **Actions: Attorney Fees.** Attorney fees can be awarded when a party brings a frivolous action that is without rational argument based on law and evidence.
9. **Actions: Attorney Fees: Words and Phrases.** The term "frivolous" connotes an improper motive or legal position so wholly without merit as to be ridiculous.
10. **Actions: Attorney Fees.** Attorney fees for a bad faith action under Neb. Rev. Stat. § 25-824 (Reissue 2008) may be awarded when the action is filed for purposes of delay or harassment.
11. **Actions.** Relitigating the same issue between the same parties may amount to bad faith.
12. ____. Any doubt whether a legal position is frivolous or taken in bad faith should be resolved for the party whose legal position is in question.
13. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Seward County: Alan G. Gless, Judge. Affirmed in part, and in part reversed and remanded with direction.

Thomas R. Wilmoth, David A. Jarecke, and Vanessa A. Silke, of Blankenau, Wilmoth & Jarecke, L.L.P., for appellants.

Stephen D. Mossman and Patricia L. Vannoy, of Mattson, Ricketts, Davies, Steward & Calkins, for appellees.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.

## INTRODUCTION

Several taxpayers challenged the validity of an agreement for hosting of a nearby landfill. The district court dismissed their complaint and imposed attorney fees under "frivolous actions" statutes.[1] In the challengers' appeal, we initially focus on the attorney fee award and reject two procedural arguments: First, their proposed dismissal included conditions disqualifying it as a "voluntary dismissal" under a statutory safe harbor. Second, the court sufficiently stated its reasons for the fee award. But because the court failed to resolve doubt over the merits of the complaint in the challengers' favor, its fee award was an abuse of discretion. We reverse that portion of the court's judgment. And because the reason for dismissal was relevant only to the fee issue, we affirm the dismissal of the complaint without deciding whether the court's stated reason was correct.

## BACKGROUND

The challengers—William White, Dana Singsaas, and Rebecca Singsaas—are tax-paying residents of Seward County, Nebraska, who manage or own land in the vicinity of the Milford landfill, which is located near Milford in Seward County. G&P Development, Inc. (G&P), owns and operates the landfill.

At some point prior to May 2010, Seward County; Saline County, Nebraska; and several municipalities created the Seward/Saline County Solid Waste Management Agency

---

[1] See Neb. Rev. Stat. §§ 25-824 and 25-824.01 (Reissue 2008).

(Agency). At oral argument, the challengers conceded that Agency is a separate legal entity.

On May 10, 2005, G&P and Agency entered into a host agreement providing for G&P to operate and maintain the Milford landfill. G&P and Agency executed an addendum to the host agreement on November 9, 2011, but the addendum did not change the terms at issue in this appeal.

G&P and Agency entered into the agreement expecting that it would become binding only upon the approval of an expansion of the Milford landfill onto adjacent land. Section 2.01 provided:

> The obligations and liabilities of [G&P] under this Agreement shall be subject to the satisfaction by [G&P] of each of the conditions precedent set forth as follows:
>
>     . . . .
>
>     (b) All applicable and required environmental and governmental permits, licenses and authorizations that are (i) necessary for the existing and future expansion of the Landfill and Transfer Station/MRF, including but not limited to the current expansion onto property located adjacent to the Landfill, and (ii) required to be issued under applicable law, shall be obtained by [G&P], and all conditions contained in any such permit, license or authorization shall be acceptable to [G&P].

The host agreement also prohibited Agency from harming G&P's ability to obtain the necessary permits to site and develop waste facilities. Section 5.04 provided:

> [G&P] may need the assistance of . . . Agency in local, state or federal environmental or land use permitting issues including specifically permits required from [Nebraska's Department of Environmental Quality], city or county zoning authorities to site, develop and operate its waste facilities. . . . *Agency shall make reasonable efforts to assist, and specifically agrees to not in any way hinder* [*G&P's*] *environmental or land use permitting processes described above.*

(Emphasis supplied.)

The challengers filed a declaratory judgment action against G&P, Agency, and Agency's past chairperson, Marvin Kohout

(collectively the landfill parties), as well as the counties of Seward and Saline, claiming that the agreement's terms "contravene the public policy of [Nebraska] by infringing on and impairing Defendant Seward County's duty to discharge its public functions with respect to zoning, land use, and related landfill siting requests." The challengers' complaint alleged that the agreement "mandates approval by Defendant Seward County of any and all requests for any zoning, land use or siting approval previously sought or to be sought by Defendant G&P."

The complaint also alleged that Seward County "granted each of G&P's requests for change of zone, conditional use permit, and siting approval for the expansion of the Milford Landfill" after the county received three letters communicating that approval was required under the terms of the host agreement.

The landfill parties and the two counties moved to dismiss the challengers' complaint "with evidence" and moved for attorney fees and costs pursuant to "§ 25-824 et seq." The district court conducted a hearing on July 9, 2012. At the hearing, counsel for the landfill parties formally stated on the record that the agreement did not require Seward County to approve land-use applications made by G&P. Counsel for the landfill parties further stated that Agency was an independent entity and could not contract to bind Seward County. At the conclusion of the hearing, the district court granted the challengers more time to submit additional evidence, "if [the challengers] think that's appropriate," and established a briefing schedule.

Prior to any ruling on the motions to dismiss, all of the parties filed motions for summary judgment. The district court conducted a hearing on November 20, 2012. Upon being informed that the motions to dismiss were still pending, the court overruled them and moved on to consider the motions for summary judgment. At the hearing, the challengers' counsel stated that they had accomplished their goal in filing the declaratory judgment action based upon the representations made by the landfill parties at the prior hearing. The challengers requested that the court memorialize the landfill

parties' admissions that the agreement did not bind Seward County through the court's granting summary judgment in the challengers' favor. The district court requested the challengers to "propose to [the court] some sort of language that would satisfy [the challengers'] needs" and took the motions under advisement.

The challengers then sent a letter, dated November 29, 2012, to the district court. The letter stated that upon further consideration, they believed the action was rendered moot by virtue of the landfill parties' admissions. The letter indicated that a proposed order acknowledging the action's mootness was enclosed. The letter further explained that it was vital to the challengers that the court's order set forth the grounds for the action's mootness.

The district court dismissed the challengers' complaint on December 14, 2012. The court found that the complaint failed to state a claim upon which relief could be granted and that there was no case or controversy at the time the challengers sought declaratory relief. The court further found that "[d]ue to the vexatious nature of the litigation, the [challengers'] [c]omplaint [was] frivolous and filed in bad faith." The court ordered the challengers to pay the landfill parties' and the counties' attorney fees and costs pursuant to §§ 25-824 and 25-824.01. The court allowed the landfill parties and the counties time to file affidavits in support of their attorney fees.

After G&P filed supporting affidavits, the challengers filed a response reminding the district court of their letter of November 29, 2012, which had enclosed a proposed order that, the challengers stated, "would have dismissed this case as moot." They asserted that the court should apply the safe harbor of § 25-824(5) relating to a "voluntary dismissal . . . within a reasonable time," thereby precluding an award of attorney fees and costs. The challengers' response did not assert any deficiency in the content of the court's order of December 14.

On January 9, 2013, the district court entered an order noting that only G&P had filed supporting affidavits and requiring the challengers to pay G&P's attorney fees and costs. The

challengers filed a timely notice of appeal. Pursuant to statutory authority, we moved the case to our docket.[2]

## ASSIGNMENTS OF ERROR

The challengers assign that the district court erred in ordering them to pay G&P's attorney fees and costs. They contend that § 25-824(5) barred the court from awarding attorney fees and costs, that § 25-824.01 required the court to make more specific findings, and that the court incorrectly found their complaint to be frivolous and filed in bad faith.

The challengers also assign that the district court erred in finding their complaint failed to state a claim upon which relief can be granted. Rather, they contend that the court should have found their claim was rendered moot during the course of the proceedings.

## STANDARD OF REVIEW

[1] On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.[3]

[2] The standard of review for an award of costs is whether an abuse of discretion occurred.[4]

[3] An appellate court reviews a district court's order granting a motion to dismiss de novo. When reviewing a dismissal order, the appellate court accepts as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the pleader's conclusions.[5]

## ANALYSIS

Before turning to our review for an abuse of discretion of the district court's attorney fee allowance, we dispose of two preliminary arguments raised by the challengers. First, they assert that they voluntarily dismissed the action so as to fall

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

[3] *Fitzgerald v. Community Redevelopment Corp.*, 283 Neb. 428, 811 N.W.2d 178 (2012).

[4] *Bedore v. Ranch Oil Co.*, 282 Neb. 553, 805 N.W.2d 68 (2011).

[5] *Lindner v. Kindig*, 285 Neb. 386, 826 N.W.2d 868 (2013).

within a statutory safe harbor. Second, they assert that the court failed to make specific findings for its award. We find no merit to either argument.

## § 25-824(5)

The challengers argue that the safe harbor of § 25-824(5) barred the district court from awarding G&P its attorney fees and costs. They assert that they qualify for the protection of § 25-824(5) because they voluntarily dismissed their claim. We agree that § 25-824(5) provides a safe harbor, but we disagree that the challengers accomplished a "voluntary dismissal."

Section 25-824(5) provides, in pertinent part:

No attorney's fees or costs shall be assessed . . . if, after filing suit, a *voluntary dismissal* is filed as to any claim or action within a reasonable time after the attorney or party filing the dismissal knew or reasonably should have known that he or she would not prevail on such claim or action.

(Emphasis supplied.)

[4] The challengers rely upon their November 29, 2012, letter to the district court; but because the letter sought dismissal upon conditions, it did not qualify as a voluntary dismissal. The letter stated that it was vital to the challengers that the order dismissing the case would recognize the grounds on which the case had become moot. A proposed order dismissing a case with qualifications or conditions does not constitute a "voluntary dismissal" within the meaning of § 25-824(5). The challengers' letter was a request for a ruling by the court that the case had become moot, not an attempt to voluntarily dismiss their claim. The letter, therefore, did not satisfy the safe harbor requirement.

The challengers do not assert that they took some other action that would constitute a voluntary dismissal. Thus, the record shows that the challengers never attempted to voluntarily dismiss their claim. Consequently, § 25-824(5) did not bar the district court from ordering the challengers to pay G&P's attorney fees and costs.

## § 25-824.01

The challengers contend that § 25-824.01 required the district court to make more specific findings to support its award of attorney fees and costs. Section 25-824.01 requires a court to "specifically set forth the reasons for such award" of attorney fees and costs and to consider several factors in determining whether to assess attorney fees and costs and the amount to be assessed.

The district court's December 14, 2012, order awarding attorney fees and costs complied with the requirement of § 25-824.01 for a court to specifically set forth its reasons for an award of attorney fees and costs. The court's order found that "[d]ue to the vexatious nature of the litigation, the [challengers'] [c]omplaint [was] frivolous and filed in bad faith." We have previously explained that the filing of frivolous or bad faith litigation provides adequate ground for the assessment of attorney fees.[6] Thus, the court complied with the statutory mandate to set forth the reasons for its award.

The challengers conflate the two separate directions of § 25-824.01. They reason that § 25-824.01 requires a court to make specific findings as to each factor set forth in the statute. The challengers rely on *Harrington v. Farmers Union Co-Op. Ins. Co.*[7] for the proposition that § 25-824.01 requires a court to make specific findings as to the factors delineated by the statute for a court to consider when determining whether to assess attorney fees and costs and the amount to be assessed. However, the challengers misconstrue the Court of Appeals' holding in *Harrington*. The Court of Appeals made reference only to the factors listed in § 25-824.01.[8] It did not purport to hold that a court is required to make specific findings as to the factors.[9]

---

[6] See *Chicago Lumber Co. of Omaha v. Selvera*, 282 Neb. 12, 809 N.W.2d 469 (2011).

[7] *Harrington v. Farmers Union Co-Op. Ins. Co.*, 13 Neb. App. 484, 696 N.W.2d 485 (2005).

[8] See *id*.

[9] See *id*.

[5-7] The statute's plain language defeats the challengers' argument. Section 25-824.01 first requires the court to specifically set forth its reasons for the award. The statute then directs the court to *consider* the delineated factors when determining whether to assess attorney fees and costs and the amount to be assessed.[10] We hold that the two requirements of § 25-824.01, one mandating a court to specifically set forth the reasons for the award and the other requiring the court to consider enumerated factors, are separate and distinct. The statute requires the court to specify the reasons for an award of attorney fees, but imposes no such requirement as to the factors.[11] In interpreting a statute, we give statutory language its plain and ordinary meaning.[12] And we give effect to the purpose and intent of the Legislature as ascertained from the entire language of a statute considered in its plain, ordinary, and popular sense.[13] Because the plain language of § 25-824.01 requires a court only to set forth its reasons for an award and to consider the statutory factors, we decline to rewrite the statute to merge these separate requirements. We therefore conclude that the district court fully complied with § 25-824.01 in its order awarding attorney fees and costs. We now turn to the controlling question of whether the district court abused its discretion in imposing attorney fees under the circumstances of this case.

### Attorney Fees Under § 25-824

The challengers contend that the district court abused its discretion in awarding G&P its attorney fees and costs under §§ 25-824 and 25-824.01. Section 25-824(2) provides for the assessment of attorney fees and costs against a party who alleges a claim or defense that is frivolous or made in bad faith. The court awarded attorney fees and costs to G&P based upon its conclusion that the challengers' complaint was frivolous and filed in bad faith. We conclude that the court

---

[10] See § 25-824.01.

[11] See *id.*

[12] *Rosberg v. Vap*, 284 Neb. 104, 815 N.W.2d 867 (2012).

[13] *Id.*

abused its discretion in awarding G&P its attorney fees and such costs as would have been recoverable only pursuant to § 25-824.

We first observe that the challengers do not contend the district court lacked the power to award ordinary taxable costs or abused its discretion in awarding to G&P those costs which are routinely granted as a matter of course.[14] The parties do not dispute that the challengers' complaint was properly subject to dismissal by the district court. Because the complaint sounded in equity, the court had the discretion to award G&P its ordinary, taxable costs, and in that respect, the court's order is not challenged. But the court's award of other costs (beyond those routinely granted as a matter of course) depends upon §§ 25-824 and 25-824.01.

[8-12] We therefore turn to the court's award of attorney fees and costs only pursuant to §§ 25-824 and 25-824.01. Although the law permits attorney fees to be assessed where an action is brought or defended by asserting a claim or defense that is frivolous or made in bad faith, we have emphasized that any doubt must be resolved against such an award. We have previously articulated the controlling standards. Attorney fees can be awarded when a party brings a frivolous action that is without rational argument based on law and evidence.[15] We have previously explained that the term "frivolous" connotes an improper motive or legal position so wholly without merit as to be ridiculous.[16] Attorney fees for a bad faith action under § 25-824 may also be awarded when the action is filed for purposes of delay or harassment.[17] We have also said that relitigating the same issue between the same parties may amount to bad faith.[18] Finally, any doubt whether a legal position is

---

[14] See, Neb. Rev. Stat. §§ 25-1708 (Cum. Supp. 2012) and 25-1710 and 25-1711 (Reissue 2008); *Ehlers v. Campbell*, 159 Neb. 328, 66 N.W.2d 585 (1954); *Tobas v. Mutual Building and Loan Association*, 147 Neb. 676, 24 N.W.2d 870 (1946).

[15] *Chicago Lumber Co. of Omaha, supra* note 6.

[16] *Id*.

[17] *Id*. See, also, § 25-824(4).

[18] *Chicago Lumber Co. of Omaha, supra* note 6.

frivolous or taken in bad faith should be resolved for the party whose legal position is in question.[19]

The challengers' complaint relied upon two specific provisions of the host agreement and upon several letters to Seward County from G&P and Agency's past chairperson, Kohout, to support the challengers' claim that the host agreement constrained the county's regulatory authority. The first provision, section 2.01, specified conditions precedent to G&P's liability under the host agreement. The other provision, section 5.04, stated that Agency "shall make reasonable efforts to assist, and specifically agrees to not in any way hinder" G&P's environmental or land-use permitting processes. The challengers initially maintained that the language of section 5.04 constrained Seward County's regulatory authority. Although the challengers' argument was perhaps strained and farfetched, there was sufficient doubt to preclude an award of fees and costs under § 25-824.

The challengers' claim that the host agreement constrained Seward County's regulatory authority conflated Agency with the county of Seward. Agency is a separate public body corporate and politic of this state.[20] We have described such an entity as an interlocal agency akin to a quasi-municipal corporation.[21] We have also held that a municipality that was a member of an interlocal agency had no standing to sue upon the agency's behalf.[22] Thus, section 5.04, correctly understood, did not purport to delegate any of Seward County's regulatory authority to Agency.

Although section 5.04 failed to support the challengers' claim, the challengers nonetheless demonstrated a sufficient basis for their contention to create doubt as to whether their complaint was frivolous. The challengers' brief on appeal cites to § 13-804(6), which provides that a joint entity created by an interlocal agreement exercises public powers and acts on

---

[19] *Id.*

[20] See Neb. Rev. Stat. § 13-804(6) (Reissue 2012).

[21] See *City of Falls City v. Nebraska Mun. Power Pool*, 279 Neb. 238, 777 N.W.2d 327 (2010).

[22] See *id.*

behalf of the public agencies which are parties to the agreement. While the challengers may have employed a flawed analysis, they demonstrated sufficient rational argument to create doubt as to whether their complaint was frivolous.

We reiterate that any doubt whether a legal position is frivolous or taken in bad faith should be resolved for the party whose legal position is in question.[23] Because the challengers demonstrated some rational basis for their claim, such doubt existed. The district court should have resolved this doubt in the challengers' favor.

Similar doubt existed as to whether the challengers' complaint was filed in bad faith. The only evidence in the record indicating that the challengers' complaint may have been filed in bad faith is a prior suit filed by the Singsaases and against G&P and Seward County. However, there was doubt as to whether the challengers' present suit was an attempt to relitigate the issues involved in the prior suit. The prior suit challenged Seward County's approval of the zoning change and siting application. The present suit challenged the effect and enforceability of the host agreement. Thus, had the two suits proceeded to trial, they would have likely called for the litigation of different issues. Because the two suits would have likely required the litigation of different issues, we find that doubt existed as to whether the challengers' complaint was filed in bad faith. The district court should have resolved this doubt in the challengers' favor.

Because the district court failed to resolve doubt in the challengers' favor, the court abused its discretion in awarding G&P attorney fees and costs under §§ 25-824 and 25-824.01. We therefore reverse the award of attorney fees and such costs as would have been recoverable only pursuant to § 25-824.

### Failure to State Claim

[13] The parties do not dispute that the challengers' action was properly subject to dismissal—they merely dispute whether the proper basis for dismissal was for failure to state a claim or for mootness. But this issue had significance only with

---

[23] See *Chicago Lumber Co. of Omaha, supra* note 6.

regard to the award of attorney fees. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[24] Because we have already reversed the award of attorney fees, we need not address the district court's finding in support of its award that the challengers' complaint failed to state a claim upon which relief could be granted.

## CONCLUSION

The challengers' submission of a proposed order for dismissal upon conditions did not qualify as a voluntary dismissal under § 25-824(5). The district court complied with the statutory mandate to state the reasons for its award of attorney fees and costs under § 25-824.01. The parties do not dispute the court's award of costs routinely granted as a matter of course, and the court did not abuse its discretion in taxing such costs to the challengers. However, the court failed to resolve doubts in the challengers' favor and, therefore, abused its discretion in awarding attorney fees and costs under §§ 25-824 and 25-824.01. We therefore reverse the portion of the judgment awarding such attorney fees and costs. Because the court did not focus on the distinction between costs routinely granted as a matter of course and those allowable only pursuant to § 25-824, we remand the cause with direction to tax costs in accordance with § 25-1711. The reversal of the attorney fee award makes it unnecessary to consider the basis for the court's dismissal of the challengers' complaint. Accordingly, we affirm the court's judgment dismissing the complaint.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTION.

---

[24] *Holdsworth v. Greenwood Farmers Co-op, ante* p. 49, 835 N.W.2d 30 (2013).